**Miriam MEIRI, Plaintiff,**

**v.**

**Claudius DACON, Roger Woods, Maryanne Montedorisio, Stanley McKinley, Adele Stern and The Immigration and Naturalization Service, Defendants.**

**No. 83 Civ. 0821(RO).**

United States District Court,
S.D. New York.

Sept. 26, 1984.

Miriam Meiri, pro se.

Rudolph W. Giuliani, U.S. Atty. for S.D. N.Y., New York City (Gerald T. Ford, Asst. U.S. Atty., New York City, of counsel), for defendants.

## OPINION AND ORDER

OWEN, District Judge.

Plaintiff Miriam Meiri was employed by the United States Immigration and Naturalization Service (INS) for one year in a Career Conditional appointment as a clerk-stenographer GS–4. Career Conditional appointments are subject to a one-year probationary period during which the employee is evaluated with a view toward a permanent appointment if his or her performance and conduct are adequate. Plaintiff was not retained past her probationary period and, after her discrimination complaint to the Equal Employment Opportunity Commission was rejected, she brought the instant action, alleging that she was not given a permanent position because of religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

Defendants now move for summary judgment, pursuant to Fed.R.Civ.P. 56, asserting that plaintiff has failed to make out a *prima facie* case under the standards of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Plaintiff, proceeding *pro se* has cross-moved for summary judgment.[1] For the reasons set forward below, summary judgment is granted to defendants and this action is dismissed in its entirety.

■ In addition to INS, plaintiff has named her former supervisor and several other INS employees as individual defendants. It is well settled that, pursuant to Section 717 of the Civil Rights Act, 42 U.S.C. § 2000e–16, the only proper defendant in an action for discrimination by a federal agency is the head of that agency or department. *Brown v. GSA*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402, (1976);

*White v. GSA*, 652 F.2d 913, 916–17 (9th Cir.1981). Plaintiff has not alleged any conduct on the part of any of the individual defendants which could possibly justify an exception to this rule and Alan C. Nelson, in his official capacity as INS Commissioner, is therefore the only appropriate defendant to this action. 42 U.S.C. § 2000e–16, *Hackley v. Roudebush*, 520 F.2d 108, 115 (D.C.Cir.1975).

■ As to the INS, I find that plaintiff has failed to establish a *prima facie* case of discrimination sufficient to shift the burden of going forward to the defendant. In order to make out a *prima facie* case of discriminatory termination, a plaintiff must show that he or she [1] is a member of a protected class, [2] was qualified for the position held, and was [3] discharged and [4] replaced by a person outside of the protected class. *Lee v. Russell County Board of Education*, 684 F.2d 769, 773 (11th Cir.1982).

■ Here the evidence clearly shows that, while plaintiff, an Orthodox Jew, is a member of a protected class and was discharged, she was not qualified for the position from which she was terminated. Claudius Dacon, plaintiff's former supervisor and a named defendant, listed twelve reasons for her termination. While plaintiff contests Mr. Dacon's description of certain of the incidents which formed the basis of these reasons, she concedes that other incidents Mr. Dacon cites did occur. The undisputed incidents for which plaintiff was terminated include: the unauthorized sending of a letter to the United States Vice-Counsel in Vancouver, Canada; the sending of a harsh note to the supervisor of another unit criticizing his handling of

---

1. After unsuccessful attempts to find an attorney to handle this case, plaintiff requested that I appoint counsel to represent her. I denied this request in October 1983, stating that on the record as of that date, it did not seem appropriate. It was clear at that point that the government intended to rely for its defense on the twelve reasons for termination of which plaintiff had already been made aware in the INS

and EEOC proceedings which preceded this litigation and which, in certain respects, she had conceded were accurate.

Furthermore, plaintiff has not offered any evidence that she is unable to afford a private attorney or suggested how her relatively competent prosecution of this matter was impeded in any meaningful way by her lack of counsel.

timekeeping procedures;[2] and the unauthorized mailing of a letter on official government stationery to an alien requesting that he contact her regarding what she described as "important documents."

One of the more serious of plaintiff's failings in her job was her habit of engaging certain attorneys and other INS visitors in unnecessary conversations, including conversations in foreign languages. This was a matter of particular concern to the INS because it had, at the time, been the focus of charges of favoritism in its procedures. Mr. Dacon's affidavit indicates that he attempted to discuss this and other problems with plaintiff, but that she was impatient and unresponsive. Plaintiff continues to assert that it was her right to engage in these conversations. ("I am guilty of talking with intelligent individuals in languages which I learned in school whenever the occasion presented itself." Plaintiff's "answer" to defendants' answer, April 18, 1983 at P. 4).

These and other incidents described in the record demonstrate that plaintiff was simply not qualified for a permanent INS position. The Federal Personnel Manual and the INS Administrative Manual, §§ 2231.01 and 2231.02 provide that:

> During the probationary period, the employee's conduct and performance in the actual duties of the position may be observed and, if circumstances warrant, the employee may be separated without undue formality.

In this case, plaintiff broke too many rules and, apparently without realizing it, was just too difficult a person to work with to be offered a permanent job. As plaintiff has failed to demonstrate that she was qualified for the job from which she was terminated, she has failed to establish a *prima facie* case of discrimination. I also note that, plaintiff's position was eliminated after she was terminated, so she was not "replaced by a person outside the protected class."[3]

Summary judgment is granted in defendant's favor and this action is dismissed.

So ordered.

---

**2.** In her deposition, plaintiff referred to this letter, which the government accurately describes as "acerbic," as a "friendly note." Her insensitivity to the likely effect of her words is consistent with Mr. Dacon's description of her as someone who was difficult to supervise or work with in an office situation.

**3.** Even if the record could be viewed as establishing a *prima facie* case of discrimination, sufficient to shift the burden of going forward, defendants have more than met that burden by demonstrating that plaintiff was terminated for legitimate, nondiscriminatory reasons. Furthermore, plaintiff has presented no evidence whatsoever to show that these reasons were a pretext for discrimination, and defendants have submitted the affidavits of two other Jewish INS employees to whom plaintiff referred in her deposition, stating that they were never discriminated against in any way by Mr. Dacon. Thus, even if I view the record as the rebuttal of "the presumption of discrimination" required after a *prima facie* case is established, summary judgment in defendants' favor is appropriate. *See Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).