**Marlene BETH, Plaintiff,**

v.

**Mike ESPY, Secretary of Agriculture, United States Department of Agriculture, Defendants.**

**No. 93–2408–JWL.**

United States District Court, D. Kansas.

May 5, 1994.

Steven D. Horak, Prairie Village, KS, for plaintiff.

Robert A. Olsen, Office of U.S. Atty., Kansas City, KS, for defendants.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This case involves sex discrimination and retaliation claims filed by plaintiff Marlene Beth against defendant Mike Espy, Secretary of Agriculture, United States Department of Agriculture. The matter is currently before the court on plaintiff's motion for leave to file an amended complaint (Doc. # 11). For the reasons set forth below, plaintiff's motion is granted in part and denied in part.

Plaintiff's original complaint does not set forth separate counts against defendant. Instead, it merely consists of a series of numbered paragraphs containing alleged facts and concludes with a paragraph in which plaintiff "prays that this Court find defendant has engaged in unlawful employment practices and has engaged in retaliation against the plaintiff for her filing of a complaint of sex discrimination." In examining the factual allegations of plaintiff's complaint, it is clear that the first 22 numbered paragraphs set forth a sexual discrimination disparate treatment claim under Title VII, and that numbered paragraphs 24 through 29 set forth a retaliation claim.

In plaintiff's proposed amended complaint, plaintiff sets forth three separate counts against defendant. The first two counts are a Title VII disparate treatment claim and a retaliation claim that consist of the identical numbered paragraphs from plaintiff's original complaint. The only difference between the plaintiff's original complaint and proposed amended complaint as regards these two counts is that in plaintiff's proposed amended complaint she has set forth a list of specific remedies she is seeking as regards the disparate treatment claim. Included among these remedies is a demand for punitive damages. Plaintiff's proposed amended complaint also includes a third count, which is a Title VII disparate impact claim.[1] This claim includes additional numbered factual paragraphs that were not contained in plaintiff's original complaint. The gist of plaintiff's disparate impact claim is that defendant has required supervisory experience as an element of the job which plaintiff sought, that supervisory experience in fact is not a necessary requirement for that position, and that because defendant has historically refused to allow women into supervisory positions the defendant's practice of requiring supervisory experience, while facially neutral, has had a disparate impact preventing females from reaching management positions.

Rule 15(a) of the Federal Rules of Civil Procedure provides that, under circumstances applicable here, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires...." Although the granting of such a motion is within the discretion of the court, the United States Supreme Court has indicated that the provision "leave shall be freely given" is a "mandate ... to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In determining whether to grant leave to amend, the court may consider such factors as undue delay, the moving party's bad faith or dilatory motive, the prejudice an amend-

---

1. Disparate impact claims involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity. *See International Bro. of Teamsters v. United States*, 431 U.S. 324, 336, 97 S.Ct. 1843, 1855, 52 L.Ed.2d 396 (1977).

ment may cause the opposing party, and the futility of amendment. *Id.*

■ Defendant contends that the court should not allow plaintiff to amend her complaint to allege a claim for punitive damages because recovery of punitive damages from the government on plaintiff's sexual discrimination claim is prohibited under the Civil Rights Act. The court agrees with defendant that plaintiff's ability to recover punitive damages is limited by 42 U.S.C. § 1981a(b)(1) which provides that:

(1) Determination of punitive damages. A complaining party may recover punitive damages under this section against a respondent (*other than a government, government agency or political subdivision*) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual. (emphasis added)

The above language does not allow a claim against the defendant in this case for punitive damages.[2] The court therefore finds that plaintiff should not be allowed to amend her complaint to include a punitive damage claim because such amendment would be futile.

■ Defendant also objects to plaintiff's attempt to add a disparate impact claim in her proposed amended complaint that was not contained in her original complaint. Defendant contends that no disparate impact claim was ever presented to the EEOC and plaintiff is therefore barred from bringing any such claim due to her failure to exhaust her administrative remedies.

■ The timely exhaustion of administrative procedures is a precondition to the maintenance of a federal employment discrimination suit. *See Brown v. General Services Administration,* 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976); *Brown v.*

*Hartshorne Public School Dist. No. 1,* 864 F.2d 680, 682 (10th Cir.1988). The policies underlying the exhaustion requirement were explained in *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974):

Cooperation and voluntary compliance were selected as the preferred means for achieving this goal [equality of employment opportunities]. To this end, Congress created the Equal Employment Opportunity Commission and established a procedure whereby [agencies] would have an opportunity to settle disputes through conference, conciliation, and persuasion before the aggrieved party was permitted to file a lawsuit.

*Id.* at 44, 94 S.Ct. at 1017.

The parameters of the civil action in this court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. *See Sandom v. Travelers Mortg. Services, Inc.,* 752 F.Supp. 1240, 1246 (D.N.J. 1990). Accordingly, plaintiff cannot choose to bypass the administrative machinery by raising new theories of recovery for the first time with the federal court. However, the judicial complaint may encompass any discrimination like or reasonably related to the allegations of the EEOC charge. *See Brown,* 864 F.2d at 682. Thus, the question before the court is whether plaintiff's original EEOC charge encompassed her disparate impact claim.

In her EEOC charge, plaintiff stated the following:

I have broader field experience, further education and Washington experience when compared to the person selected for the Officer In Charge position (GM–14), Dallas, Texas. If the position had been filled on the basis of qualifications and experience I should have been selected without regard for gender. Although the

**2.** The listed defendant in this case is Mike Espy, who, as the head of the Department of Agriculture, is the proper party defendant under 42 U.S.C. § 2000e–16(c). However, in deciding whether an action is in reality one against the government, the identity of the named parties defendant is not controlling. The dispositive inquiry is "who will pay the judgment?" *See Stafford v. Briggs,* 444 U.S. 527, 542 n. 10, 100 S.Ct. 774, 783 n. 10, 63 L.Ed.2d 1 (1980). Because any judgment in this case would be paid by the United States government, the case is in reality one against the government and language of 42 U.S.C. § 1981a(b)(1) controls.

Compliance Program has begun to hire females at the entry grade level, this was an excellent opportunity for the Agency to fulfill some of the goals for diversity.

Compliance has a conspicuous absence of females, there are no female GM–13/14's at the field level. Women have never gotten above the GS–12 level in filed supervisory positions. Denial of future employment, or not hiring females is not as intrusive as the loss of an opportunity of an existing highly qualified female employee for promotion. I have invested 22 productive years with FSIS with the expectation of moving on up into a management position. The lack of opportunity can have an adverse financial as well as psychological effect on long term productive female employees, such as myself, who strive to maintain a Superior rating.

Despite words of support for affirmative action and diversity I feel FSIS and the Compliance Program has overtly discriminated against me on the basis of sex.

The court finds that the first paragraph of plaintiff's EEOC charge clearly makes a complaint of disparate treatment discrimination. Plaintiff contends that the language in the second paragraph of her EEOC charge is sufficient to put the defendant and administrative agency on notice of her disparate impact claim. However, plaintiff's EEOC charge fails to even mention the supervisory experience requirement which forms the basis of her disparate impact claim. The court finds that the general language contained in the charge is simply not sufficient to satisfy the requirement that plaintiff's disparate impact claim could "reasonably be expected to grow out of the charge of discrimination."

Defendant's final objection to plaintiff's motion to amend is that plaintiff's proposed amended complaint "appear[s] to be an attempt to add a party or parties as defendants by adding the phrase 'et al.' to the caption and changing the word defendant to defendants throughout the proposed amended complaint without naming that new defendant or defendants nor providing a basis for the additions." Defendant claims that to permit plaintiff to amend her complaint in this manner is highly prejudicial to defendant.

■ In a civil action based on allegedly discriminatory employment practices by a federal agency, the only proper party defendant is the head of the agency involved. *See* 42 U.S.C. § 2000e–16(c); *Meiri v. Dacon,* 607 F.Supp. 22 (S.D.N.Y.1984). Therefore, the only proper party defendant in this case is Mike Espy, Secretary of Agriculture for the United States Department of Agriculture. Further pleadings in this case should be captioned accordingly.

**IT IS, THEREFORE, BY THE COURT ORDERED THAT** plaintiff's motion to file amended complaint (Doc. # 11) is granted in part and denied in part. Plaintiff's motion is granted to the extent that plaintiff amends her original complaint to set forth specific grounds for relief in Count I, except for plaintiff's request for punitive damages, which are not recoverable pursuant to 42 U.S.C. § 1981a(b)(1). Plaintiff's motion to amend is denied to the extent that plaintiff seeks to amend her original complaint to add a disparate impact claim for the reason that plaintiff failed to exhaust her administrative remedies regarding such a claim.

**IT IS SO ORDERED.**