**Clement David CLARKE, Plaintiff–Appellant,**

v.

**LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL–CIO, an unincorporated association, and Laborers' Local 301, AFL–CIO, an unincorporated association, Defendants–Appellees.**

No. 89–3452.

United States Court of Appeals, Eleventh Circuit.

Nov. 13, 1990.

See also 653 F.Supp. 244.

---

application of the amended guidelines would operate only to Marin's benefit.

**1540**

David M. Wiesenfeld, Dawson, Galant, Sulik, Wiesenfeld & Bickner, Jacksonville, Fla., for plaintiff-appellant.

Peter J. Kellogg, Humphries, Kellogg & Oberdier, P.A., Jacksonville, Fla., Theodore T. Green, Leizer Z. Goldsmith, Laborers' Intern. Union, Washington, D.C., for defendants-appellees.

Before JOHNSON and CLARK, Circuit Judges, and BROWN *, Senior District Judge.

WESLEY E. BROWN, Senior District Judge.

Plaintiff-appellant was employed by a construction company in Jacksonville, Florida, through Laborers' Local 301, AFL-CIO ("Local 301"). On April 19, 1984, plaintiff was seriously injured while performing construction work. Plaintiff filed suit against Local 301 and its international affiliate, the Laborers' International Union of North America ("LIUNA"). Plaintiff con-

* Honorable Wesley E. Brown, Senior U.S. District Judge for the District of Kansas, sitting by designation.

1. The parties disagree as to whether the relevant collective bargaining agreement was in effect at the time plaintiff was injured. The defendants contend that the agreement was not in effect because it had not been signed by plaintiff's

tended that the unions' failure to provide a shop steward at the job site and their failure to enforce the collective bargaining agreement under which he was working[1] were contributing factors in his injury. The amended complaint alleged: (1) that the defendants negligently failed to perform their duty to insure that the plaintiff's workplace was safe and that he had the necessary training to perform his job; (2) that the defendants breached their contract to perform the aforementioned duties; and (3) that the defendants breached their duty of fair representation.

The district court granted the defendants' motions for summary judgment. Relying on *International Brotherhood of Electrical Workers v. Hechler*, 481 U.S. 851, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987), the court found that the state law claims asserted by plaintiff were preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Next, the court found there was no breach of contract by the defendants under § 301. Lastly, the court ruled that plaintiff's claim for breach of the duty of fair representation was barred by the applicable statute of limitations. Plaintiff challenges these rulings on appeal. For the reasons set forth herein, we affirm.

*A. Preemption of state law claims.*

We first examine appellant's contention that the district court erred in finding that his state law claims were preempted by § 301 of the LMRA. In order to address this issue, we first briefly review some of the relevant decisions on the preemptive effect of § 301.

Section 301 provides:

Suits for violations of contracts between an employer and a labor organization representing employees in an industry

employer. Because the resolution of this issue may depend on factual circumstances, including the parties' conduct, we assume for purposes of this opinion that the collective bargaining agreement was in effect at the time of the injury. *See Smith v. Kerrville Bus Co.*, 709 F.2d 914, 920 (5th Cir.1983).

affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

The Supreme Court has held that § 301 is a broad source of authority for the courts to fashion a body of federal law for the enforcement of collective bargaining agreements. *Textile Workers v. Lincoln Mills of Alabama,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). Although state courts have concurrent jurisdiction over collective bargaining agreement disputes, they must apply federal law to such claims. Because of a need for uniformity in the interpretation of collective bargaining agreements, any state law cause of action for violation of such agreements is entirely displaced by federal law under § 301. *Teamsters v. Lucas Flour Company,* 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962).

Recent Supreme Court decisions have recognized the preemptive force of § 301. In *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), the plaintiff sought to bring a state tort action for bad-faith handling of an insurance claim. The insurance claim concerned benefits authorized by a collective bargaining agreement. The Court held that § 301 preempted the state tort claim because the duty allegedly violated (i.e. the duty to pay benefits) was created by the collective bargaining agreement and did not exist independently of the agreement. 471 U.S. at 217–18, 105 S.Ct. at 1914. The Court considered the tort claim to be "inextricably intertwined" with the terms of the labor contract.

This rule was extended to a suit by an employee against her union in *International Brotherhood of Electrical Workers v. Hechler,* 481 U.S. 851, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987). In *Hechler,* the plaintiff alleged that her union negligently failed to provide her with a safe workplace. The plaintiff alleged the union had a duty to provide a safe workplace by virtue of the collective bargaining agreement. The Supreme Court stated that the plaintiff's claim would require a court to ascertain whether the collective bargaining agreement placed an implied duty of care on the union to insure a safe workplace for the plaintiff. 481 U.S. at 862, 107 S.Ct. at 2168. Because the plaintiff's claim was not sufficiently independent of the collective bargaining agreement, the Court held that the claim was preempted by § 301. *Id.*

In *Lingle v. Norge Division of Magic Chef,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), the Court examined the effect of § 301 on a claim for retaliatory discharge. The plaintiff in *Lingle,* a union employee, alleged that she had been discharged for filing a worker's compensation claim. The Supreme Court rejected an argument that the plaintiff's claim was preempted by § 301, finding that the claim was independent of the collective bargaining agreement. The Court noted that a claim was "independent" when it did not require construing the collective bargaining agreement. 486 U.S. at 408–409, 108 S.Ct. at 1882–1883, 100 L.Ed.2d at 420.

The most recent Supreme Court pronouncement on the preemptive effect of § 301 is *United Steelworkers of America v. Rawson,* —— U.S. ——, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990). The plaintiffs in *Rawson* brought wrongful death claims on behalf of union employees killed in a mining accident. Prior to the accident, union representatives had inspected the mine as part of a safety committee established by the miners' collective bargaining agreement. The plaintiffs claimed that the union's negligent inspection of the mine had proximately caused the miners' deaths. The majority in *Rawson* held that § 301 preempted the wrongful death claims, finding that the claims were not independent of the collective bargaining agreement. The Court stated: "If the Union failed to perform a duty in connection with inspection, it was a duty arising out of the collective bargaining agreement signed by the Union as the bargaining agent for the miners. Clearly, the enforcement of that agreement and the remedies for its breach are matters governed by federal law." At ——, 110 S.Ct. at 1910.

■ Applying the foregoing precedents to the facts of this case, we find that any state law claims asserted by the plaintiff are preempted by § 301. Plaintiff has failed to demonstrate that the unions had any duty independent of the collective bargaining agreement to insure his safety or to intervene on his behalf. Because the nature and scope of any duty of the unions is therefore determined by reference to the collective bargaining agreement, § 301 rather than state law governs the plaintiff's claims. *Rawson, supra; Hechler,* 481 U.S. at 862, 107 S.Ct. at 2168.

■■ Unquestionably, the common law duty to provide a safe workplace falls on the employer, not on a labor union. *Hechler,* 481 U.S. at 859–60, 107 S.Ct. at 2166–67. In spite of this, plaintiff makes an argument that the constitutions of the defendant unions imposed an independent duty to insure the safety of their members. Plaintiff points out that both of the defendant unions' constitutions provide that their members' safety is an important union goal. Such a declaration is not an enforceable promise, however, and does not give union members a cause of action if the unions fail to insure their safety. *See Williston on Contracts* § 1A ("A promise must be distinguished from a statement of intention....") and § 24A ("[An offer] is an expression by the offeror of his agreement that something ... shall be done ... if the conditions stated in the offer are complied with. Unless the statement gives the person to whom it is addressed an assurance that ... he shall have something, the statement is not an offer.")

■ Plaintiff also makes the argument that Local 301's custom of having a shop steward at each job site imposed an independent duty on them to have a steward at plaintiff's job site. This past practice by itself, however, does not impose a duty on the union to provide a shop steward. *Cf. W.R. Grace & Co. v. Geodata Services, Inc.,* 547 So.2d 919 (Fla.1989) (Representa-

tions that a promisor should reasonably expect to induce a promisee into action or forbearance may be actionable in some circumstances). There is no allegation here that the plaintiff relied to his detriment on the union's past practice of assigning a steward to each job site.[2]

Finally, plaintiff makes the argument that the union is liable under state law because it negligently performed a duty that it voluntarily assumed. *See Banfield v. Addington,* 104 Fla. 661, 140 So. 893 (1932). Plaintiff alleges that the union undertook a duty to enforce the collective bargaining agreement and is therefore liable for the negligent performance of that duty. This allegation is identical to one made in the *Rawson* case. *See Rawson,* —— U.S. at ——, 110 S.Ct. at 1910. ("Respondents alleged in their complaint that the Union was negligent in its role as 'enforcer of an agreement negotiated ... on behalf of the deceased miners....' "). The Supreme Court found that such a claim was preempted by § 301. *Id.* at ——, 110 S.Ct. at 1910. As in the *Rawson* case, the claim in the instant case cannot be considered independent of the collective bargaining agreement since the claim would necessarily require an examination of the parties' obligations under the agreement. Plaintiff's claim, whether denominated as a breach of a duty imposed by law or by contract, is preempted by § 301. *Rawson,* at ——, 110 S.Ct. at 1910 ("Clearly, the enforcement of [the collective bargaining agreement] and the remedies for its breach are matters governed by federal law.")

### B. *Plaintiff's Section 301 Claim.*

■ In addition to his state law claims, the plaintiff asserted a breach of contract claim under § 301. Plaintiff alleged that he was a third-party beneficiary to the collective bargaining agreement and that Local 301 breached a duty under the agreement to keep the workplace safe and to insure the employer's compliance with the agreement. Plaintiff does not base his ar-

---

2. In view of our finding that the unions had no duty under state law to ensure the plaintiff's safety, we do not address the issue of whether a claim for breach of such a duty would be suffi-

ciently independent of the collective bargaining agreement to withstand preemption under § 301 or other federal laws.

gument on any express language in the collective bargaining agreement; rather, he argues that these duties are implied obligations arising from the agreement.

The Supreme Court's opinion in *United Steelworkers of America v. Rawson,* —— U.S. ——, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990) is instructive on the issue of a union's contractual liability to its members arising from a collective bargaining agreement. In *Rawson,* the Court addressed an argument similar to the one asserted here. The Court first noted that there was no prohibition against a union's assuming a duty of care towards employees through the collective bargaining contract. The Court cautioned against finding liability based on implied contractual obligations, however, noting that the related duty of fair representation was intended to serve as a purposefully limited check on the exercise of union power. In deference to the important purposes served by the limitations on the duty of fair representation, the Court concluded: "If an employee claims that a union owes him a more far-reaching duty, he must be able to point to language in the collective bargaining agreement specifically indicating an intent to create obligations enforceable against the union by the individual employees." At ——, 110 S.Ct. at 1912.

The plaintiff's claim clearly fails when this rule is applied to the facts of the instant case. The only language in the collective bargaining agreement relating to safety measures provided: "SAFETY: All safety devices required to accomplish work shall be furnished by the Contractor." Any duties relating to the safety of the workplace were placed on the employer and not on the union. There is no language indicating an intent to create obligations enforceable against the union. The district court therefore properly granted summary judgment in favor of the defendants on the § 301 claim.

### C. *Duty of Fair Representation.*

The district court held that any claim for breach of the union's duty of fair representation was barred by the six-month statute of limitations applicable to such claims. *See DelCostello v. Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). We find no error in this ruling.[3]

### D. *Agency.*

In addition to the other claims against LIUNA, plaintiff contended that LIUNA was liable for the acts of Local 301 under principles of agency law. *See Carbon Fuel Co. v. United Mine Workers of America,* 444 U.S. 212, 100 S.Ct. 410, 62 L.Ed.2d 394 (1979) (Common law doctrine of *respondeat superior* applies to § 301 claims). Having failed to establish any liability on the part of Local 301, plaintiff's claim against LIUNA based on *respondeat superior* must also fail. *See e.g., Bankers Multiple Line Insurance Co. v. Farish,* 464 So.2d 530 (Fla.1985).

The judgment of the district court is AFFIRMED.

---

**3.** The plaintiff's complaint was originally dismissed as barred by the six-month statute of limitations applicable to duty of fair representation claims. In a previous appeal to this court, we reversed that ruling, finding that the plaintiff's claim should be addressed as a simple breach of contract claim under § 301 rather than as a claim for breach of the duty of fair representation. (*Clark v. Laborers' International Union of North America,* 851 F.2d 362 (11th Cir.1988)). Despite this, the plaintiff asserted a claim for breach of the duty of fair representation after the case was remanded. It is uncontested that the plaintiff's claim was not filed within the six-month statutory period applicable to such claims.