**Charles Ronnie ROBERTS, Plaintiff,**

v.

**WALT DISNEY WORLD COMPANY and International Union of Operating Engineers and Operating Engineers Local 673, Defendants.**

No. 95–008–CIV–ORL–18.

United States District Court,
M.D. Florida,
Orlando Division.

Dec. 4, 1995.

Charles Ronnie Roberts, Davenport, FL, Pro Se.

Lynn E. Wagner, Lea A. Banks, Baker & Hostetler, Orlando, FL, for Walt Disney World Company.

Richard Paul Siwica, Egan, Lev & Siwica, Orlando, FL, for International Union of Operating Engineers, Operating Engineers Local 673.

## ORDER

G. KENDALL SHARP, District Judge.

This case is before the court on Defendant International Union of Operating Engineers, Local 673's (Local's) motion to dismiss the complaint (Doc. 7), on Defendant International Union of Operating Engineers' (International's) motion to dismiss the complaint (Doc. 14) and on Defendant Walt Disney World's (WDW's) motion to dismiss the complaint (Doc. 23). Plaintiff Charles Ronnie Roberts (Roberts) brought this action alleging in his complaint that International, WDW, and the local did not adhere to their collective bargaining agreement in failing to award permanent employment to Roberts in 1991. In their motions to dismiss, Defendants all assert that Roberts failed to file his complaint within the time allotted for "hybrid" claims alleging both a violation of the collective bargaining agreement and the duty of fair representation. Defendants also argue that Roberts' pendent state law claims are preempted by federal labor law. The court concludes that Defendants are entitled to dismissal as to all counts in Roberts' complaint.

## I. Facts

When considering a motion to dismiss, the court must view the allegations made in the complaint in the light most favorable to the plaintiff and assume the allegations made in the complaint are true. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 994–95 (11th Cir.1983). Defendant WDW employed Plaintiff Roberts as a heavy equipment operator on a temporary basis three times from 1989 to 1991: from December 13, 1989 to April 13, 1990, from September 27, 1990 to October 29, 1990, and from November 13, 1990 to January 4, 1991. Defendant International Union of Operating Engineers and its Local 673 was the exclusive and recognized collective bargaining representative of WDW's production and maintenance employees throughout this period, and Roberts was a dues-paying member of this union during his employment at WDW.

WDW and the Local entered into a collective bargaining agreement on October 14, 1987 that controlled WDW's employment actions during this period. Article XVI of this agreement provides that principles of seniority will be observed in all layoffs and recalls unless there is some deviation required by employee qualifications. Article XVI also declares that any employee who works for a period greater than 120 days shall be considered a permanent employee entitled to company benefits. Roberts worked for a period of more than 120 days in his first term of employment with WDW, and should have qualified for seniority status. However, WDW did not recall Roberts when permanent positions became available and instead hired two others with less seniority than Roberts. WDW informed Roberts that he was not qualified to fill these positions, but Roberts alleges that he was qualified when they became available.

Roberts then protested WDW's failure to hire him to a Local representative pursuant to Article VII of the collective bargaining agreement. Roberts alleges that the Local arbitrarily and capriciously failed to fully investigate Roberts' claim and failed to follow their customary practices in handling employee grievances. The Local thus deprived Roberts of his only opportunity to obtain an impartial hearing and be reinstated to his job with back pay. As a result of the Local's alleged unfair representation, it has been difficult, time-consuming, and expensive for Roberts to recover damages from WDW for their breach of the collective bargaining

agreement. Roberts has been forced to retain counsel and pursue relief in the courts.

## II. Legal Discussion

Roberts alleges three counts in his amended complaint. In the first count, Roberts alleges a breach of the collective bargaining agreement by WDW and a breach by the unions of their duty of fair representation. In the second count, Roberts claims that International and the Local breached the collective bargaining agreement under Florida law. Finally, Roberts alleges that all Defendants engaged in a conspiracy to deprive him of his rights under the collective bargaining agreement, and seeks damages under a state law civil conspiracy theory. Defendants allege that the first count is barred by the applicable statute of limitations, and that the two other claims are preempted by federal labor law. The court will consider these defenses in turn.

### A. Statute of Limitations

■ Roberts filed a complaint in this action on January 3, 1995, nearly four years after he was passed over for a position at WDW. Roberts contends that the statute of limitations applicable to his action is Florida's statute for breach of contract cases, which provides five years for plaintiffs to bring suit. Fla.Stat. ch. 95.11(2)(b) (1993). Defendants contend that Roberts' action is a "hybrid section 301/fair representation claim," and that the proper limitations period is six months from the date of accrual under section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b) (1994). *See DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 171, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983).

In his complaint Roberts acknowledges he brought this action under section 301 of the Labor–Management Relations Act, 29 U.S.C. § 185 (1994), which provides for federal jurisdiction of disputes under collective bargaining agreements. Plaintiffs typically bring section 301 suits against their putative employers. Union members also may sue their unions alleging violations of their duty of fair representation for acting in a "discriminatory, dishonest, arbitrary, or perfunctory manner." *Hechler v. International Brotherhood of Electrical Workers, AFL–CIO*, 834 F.2d 942, 943 (11th Cir.1987) (quoting *DelCostello, supra*, 462 U.S. at 164, 103 S.Ct. at 2290). "Often, the individual employee will sue both the employer and the union, resulting in what is commonly called a 'hybrid section 301/fair representation claim.'" *Id.* (quoting *DelCostello, supra*, 462 U.S. at 165, 103 S.Ct. at 2291). This hybrid claim is precisely what Roberts has alleged in his first count.

In *DelCostello*, the Supreme Court determined that the six-month limitations period under section 10(b) of the NLRA should apply to these hybrid actions. 462 U.S. at 171. *See also Benson v. General Motors Corp.*, 716 F.2d 862, 863 (11th Cir.1983). Roberts' effort to evade the Supreme Court's ruling is unpersuasive. Roberts relies on *Hechler, supra*, to argue that the court should utilize a "fluid balancing test" to evaluate the federal and state interests involved in the case. *See Hechler*, 834 F.2d at 946–47. The court in *Hechler*, however, was deciding which statute of limitations to apply to a novel action: an employee standing in the shoes of his employer to sue his union under section 301. The Supreme Court has already conclusively resolved which statute of limitations to apply in hybrid section 301/duty of fair representation actions such as this one, and the Court has determined that courts should apply the six-month statute in section 10(b) of the NLRA. This court is obligated to follow the Supreme Court's holding in *DelCostello*.

International and the Local assert that Roberts' cause of action accrued one year after his last period of employment with WDW ended, at the latest. Under that theory, Roberts' cause of action would have accrued in January 1992. Roberts does not argue that his cause of action accrued at any later date. Because Roberts did not bring this action until January 1995, his section 301 claim against WDW and his claim against the union for breach of its duty of fair representation are time-barred.

### B. Federal Preemption of State Law Claims

■ Defendants urge that Roberts' remaining two state law counts be dismissed

because they are preempted by federal labor law. In *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–104, 82 S.Ct. 571, 576–77, 7 L.Ed.2d 593 (1962), the Supreme Court held that a claim alleging a breach of a labor contract must be brought under section 301 of the Labor–Management Relations Act, and must be resolved by reference to federal law. "A state rule that purports to define the meaning or scope of a term in a [labor] contract suit therefore is pre-empted by federal labor law." *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 210, 105 S.Ct. 1904, 1910, 85 L.Ed.2d 206 (1985). *See also Eitmann v. New Orleans Pub. Serv., Inc.*, 730 F.2d 359, 361–62 (5th Cir.1984) ("Thus, federal jurisdiction is properly invoked if the complaint alleges the violation of a collective bargaining agreement.... To the extent that state law would otherwise provide a remedy for the contractual breach, it is preempted."). Roberts' second count, a breach of contract claim against International and the Local for violation of the collective bargaining agreement, cannot be brought under Florida contract law and must be brought under section 301. Roberts' second count is therefore preempted by federal law.

■ Roberts' third count for civil conspiracy does not specifically allege a violation of the collective bargaining agreement, and therefore is not necessarily preempted by federal law. However, the Supreme Court has held,

> [T]he pre-emptive effect of section 301 must extend beyond suits alleging contract violations.... [Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance....

*Allis–Chalmers, supra*, 471 U.S. at 210–211, 105 S.Ct. at 1911. To the extent that Roberts' civil conspiracy claim requires interpretation of the collective bargaining agreement, then, it must be preempted by section 301.

*See Parker v. Connors Steel Co.*, 855 F.2d 1510, 1515–16 (11th Cir.1988).

After reviewing Roberts' complaint the court concludes that his civil conspiracy claim draws from precisely the same conduct as his section 301 claim: his allegation that WDW passed him over for a job in contravention of the collective bargaining agreement. Any substantive evaluation of the conspiracy claim would involve an analysis of the labor agreement and WDW's obligations under it. Because a court must interpret the labor contract under uniform federal law, Roberts' state law civil conspiracy claim must be preempted by section 301. *See Adkins v. General Motors Corp.*, 946 F.2d 1201, 1210 (6th Cir.1991) (holding that "[i]f plaintiffs have been betrayed by their employer and their union and cheated out of valuable seniority rights ... their remedy is a timely suit for unfair representation/unfair labor practices"); *Peterson v. Air Line Pilots Ass'n, Int'l*, 759 F.2d 1161, 1170 (4th Cir.1985) (finding a civil conspiracy claim in a labor context to be "essentially identical to the duty of fair representation claim"). Because Roberts' state law civil conspiracy claim is preempted by federal law, the court must dismiss that count of his complaint.

### III.  Conclusion

The court dismisses the first count of Roberts' complaint, alleging a hybrid section 301/ duty of fair representation claim, because Roberts filed his complaint after the appropriate limitations period had run. The applicable statute of limitations is six months, derived from section 10(b) of the National Labor Relations Act. The court dismisses the second count, because federal labor law preempts state law actions alleging breach of a collective bargaining agreement. Finally, the court dismisses the third count in Roberts' complaint because any consideration of his state law civil conspiracy claim would require evaluation of the collective bargaining agreement, and therefore federal labor law preempts the claim. The court **GRANTS** Defendants' motions (Docs. 7, 14, 23) and dismisses Roberts' action for failure to state a claim for which relief may be

granted. The court instructs the clerk to enter judgment in favor of Defendants.

It is **SO ORDERED.**