Leonard DEAKINS, Sr., Jerry Gossum, Robert Graves, Gordon Patscott, and Ralph Sanchez, Plaintiffs,

v.

UNITED STATES POSTAL SERVICE and American Postal Workers Union, AFL–CIO, Defendants.

No. 8:01–CIV–236–T–24MAP.

United States District Court, M.D. Florida, Tampa Division.

June 7, 2001.

Nicholas E. Karatinos, Seeley & Karatinos, P.A., St. Petersburg, FL, for Plaintiffs.

Patricia A. Willing, Assistant United States Attorney, U.S. Attorney's Office, Middle District of Florida, Tampa, FL, William C. Thomas, III, Law Department—Atlanta Field Office, Atlanta, GA, Frank E. Hamilton, III, Frank Hamilton & Associates, P.A., Tampa, FL, Susan L. Catler, O'Donnell, Schwartz & Anderson, Washington, D.C., for defendants.

### ORDER

BUCKLEW, District Judge.

This cause comes before the Court on the United States Postal Service's ("USPS") Motion to Dismiss (Doc. No. 16), and the American Postal Workers Union, AFL–CIO's ("Union") Motion to Dismiss or Alternative Motion for Summary Judgment (Doc. Nos. 12–1 and 12–2). The plaintiffs have filed responses in opposition to both of the aforementioned motions (Doc Nos. 18 and 19).

### I. *Standard of Review*

In ruling on a motion to dismiss, the Court should not dismiss a complaint unless it appears that there is no possibility that the plaintiffs can recover under the allegations of the complaint. *See Jenkins v. McKeithen*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). In considering a motion to dismiss, the court must take all material allegations of the complaint as true, and liberally construe those allegations in favor of the plaintiff. *See, Erickson v. Hunter*, 932 F.Supp. 1380 (M.D.Fla. 1996).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party bears the initial burden of showing the Court, by reference to materials on file that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir.1991). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Spence v. Zimmerman*, 873 F.2d 256 (11th Cir.1989); *Samples on Behalf of Samples*

*v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988).

## II. *Discussion*

### (A). *USPS's Motion to Dismiss*

USPS has moved to dismiss Counts I through III of the plaintiffs' complaint. First, USPS states that Count III of the complaint must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure due to the fact that it fails to properly allege an appropriate basis for federal jurisdiction. Next, USPS argues that since the plaintiffs' federal claim against it fails, their pendent state claims in Counts I and II must also be dismissed.

Turning first to USPS's argument regarding Count III, the Postal Service claims that the plaintiffs have sued it under the wrong federal statute. Specifically, USPS states that rather than suing it under 39 U.S.C. § 1208(b), the plaintiffs have improperly sued it under Section 301 of the Labor–Management Relations Act, 29 U.S.C. § 185. Upon review of the plaintiffs' complaint and their response in opposition to USPS's motion to dismiss, however, the Court finds that USPS's argument under Rule 12(b)(1) is unavailing. First, the plaintiffs' complaint specifically states that this Court's jurisdiction is based on 39 U.S.C. § 1208(b). Doc. No. 1, paragraph 2. Second, within Count III itself, the plaintiffs specifically incorporate the allegations contained within paragraphs one through fourteen of the complaint, and Count III states that the Court's jurisdiction is further based on 39 U.S.C. §§ 409(a) and (b). Doc. No. 1 at paragraphs 45 and 48. Third, to the extent that the plaintiffs' complaint makes references to certain provisions of the Labor–Management Relations Act, the Court notes that Section 301 of the Labor–Management Act and Section 1208(b) of the Postal Reorganization Act are "virtually identical", and cases dealing with each of those provisions are virtually interchangeable. *American Postal Workers Union, AFL–CIO v. United States Postal Service,* 823 F.2d 466, 469 (11th Cir.1987); *Smith v. E.H. Daws,* 614 F.2d 1069, 1072 (5th Cir. 1980). Accordingly, the plaintiffs have asserted a proper jurisdictional basis for Count III, and USPS's motion to dismiss on that issue is due to be denied. Given this fact, USPS's jurisdictional arguments as to the plaintiffs' pendent state claims are rendered moot.

### (B). *Union's Motion to Dismiss*

In its motion to dismiss, the Union states that the plaintiffs' state-law claims for breach of a third-party beneficiary contract (Count I) and conversion (Count II) are preempted by federal labor law. Specifically, the Union argues that since both of the plaintiffs' state claims require the interpretation of the collective bargaining agreement at issue in this case, they are preempted by Section 301/Section 1208(b).

In response, the plaintiffs do not disagree that federal law would preempt their state claims if those claims require interpretation of the subject collective bargaining contract. Doc. No. 18 at 12–13. Rather, the plaintiffs contend that this Court does not need to interpret the disputed collective bargaining agreement to resolve their state-law claims. *Id.* at 13.

As agreed to by both the Union and the plaintiffs, federal labor law applies not only to matters which are encompassed by the explicit wording of a collective bargaining agreement, it also governs matters which generally arise under, or would entail interpretation or application of the terms of a collective bargaining agreement. *Darden v. United States Steel Corp.,* 830 F.2d 1116, 1119 (11th Cir.1987) (claims which are either founded directly on rights created on a collective bargaining agreement or are substantially dependent

on analysis of the agreement are preempted); *Clarke v. Laborers' International Union*, 916 F.2d 1539, 1543 (11th Cir.1990). Where a contract, by its express terms, broadly governs the terms and conditions of an employee's employment, federal law applies not only to the contract itself, but also to the policies and practices flowing from it. *See United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). If a state law claim "can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 preemption purposes." *Lingle v. Norge Division of Magic Chef*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). "To be 'independent' of the collective bargaining agreement, and thus not be preempted, the resolution of a state law claim must turn on purely factual questions not touching upon the terms of the collective bargaining agreement." *Chube v. Exxon Chemical Americas*, 760 F.Supp. 557, 560 (M.D.La.1991). In other words, where neither the elements of the state cause of action nor the defenses to it would entail any interpretation or analysis of the collective bargaining agreement, preemption does not apply. *Lingle v. Norge Division of Magic Chef*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988).

■ In this case, the plaintiffs' state-law claims for breach of a third-party beneficiary contract (Count I) and conversion (Count II) are preempted by federal law. *See Roberts v. Walt Disney World Co.*, 908 F.Supp. 913, 916 (M.D.Fla.1995). Both of the plaintiffs' state-law claims are either based squarely on the collective bargaining agreement at issue or require the Court to interpret the terms of that agreement. *See, e.g.*, Doc. No. 17 at 13–18. Therefore, Counts I and II of the plaintiffs' complaint should be dismissed.

#### (C). *Union's Alternative Motion for Summary Judgment*

Turning to the Union's alternative motion for summary judgment, the Court agrees with the plaintiffs that the issues raised therein are best addressed after the parties have been afforded the opportunity to take discovery in this matter. Doc. No. 18 at 14, 17; Rule 56(f), Fed.R.Civ.P.

Accordingly, it is ORDERED AND ADJUDGED that the United States Postal Service's ("USPS") Motion to Dismiss (Doc. No. 16) is DENIED. The American Postal Workers Union, AFL–CIO's ("Union") Motion to Dismiss (Doc. No. 12–1) is GRANTED to the extent that Counts I and II of the plaintiffs' complaint are dismissed. The Union's Alternative Motion for Summary Judgment (Doc. No. 12–2) is DENIED WITHOUT PREJUDICE with the right to renew/refile that motion at the conclusion of discovery in this case.