Connie ERICKSON, Brenda Bobbitt, and Pamela Limes, Plaintiffs,

v.

Don HUNTER, individually, and in his capacity as Sheriff of Collier County, and Collier County, Florida, Defendants.

No. 95–387–CIV–FTM–17D.

United States District Court, M.D. Florida, Fort Myers Division.

April 10, 1996.

Alan Porter Woodruff, Alan P. Woodruff, P.A., Seattle, WA, for plaintiffs.

Phillip P. Quaschnick, Powers, Quaschnick, Tischler & Evans, Tallahassee, FL, for Don Hunter, Individually and in his capacity as Sheriff of Collier County, defendant.

David Edward Bryant, Collier County Attorney's Office, Naples, FL, for Collier County, FL, defendant.

## ORDER

KOVACHEVICH, Chief Judge.

This cause is before the Court on the following motions:

1. Defendant Don Hunter's Motion to Dismiss and Motion for More Definite Statement (Dkt. 5).

2. Defendant Collier County's Motion to Dismiss and Motion for More Definite Statement (Dkt. 10)[1].

3. Defendant Collier County's Motion to Strike Claims for Punitive Damages (Dkt. 9).

Also before the Court are the Plaintiffs' Replies (Dkts. 13, 14, and 15) Motions and Complaint (Dkt. 1).

## FACTS

Connie Erickson, Brenda Bobbitt, and Pamela Limes (hereafter Plaintiffs) allege the following:

1. All Plaintiffs are female.

2. Plaintiff Bobbitt is a current deputy with the Collier County Sheriff's Office, and Plaintiffs Erickson and Limes are former deputies.

3. Plaintiff Erickson was subjected to the Performance Review Board and subsequently demoted and disciplined.

4. As a result of this disparate treatment, Erickson was constructively discharged, and terminated her employment on August 16, 1994.

5. Plaintiff Bobbitt was denied promotions on four occasions and then promoted to a location that caused her inconvenience in the form of additional travel time.

6. Plaintiff Limes was denied promotions to road patrol and academy training.

7. These incidents are representative of a pattern of discriminatory treatment towards women, as similarly situated men were afforded different treatment.

## STANDARD OF REVIEW

■ When deciding a Motion to dismiss, the Court is required to view the complaint in light most favorable to the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The rules of Federal Procedure require "a short and plain statement of the claim." Fed.R.Civ. p. 8(a)(2).

## DISCUSSION

(1) Qualified Immunity

Defendant Don Hunter raises the issue of qualified immunity. Counsel for Defendant Hunter correctly states that Plaintiffs have the burden of proving that Defendant was personally involved in the acts which constitute a violation of the Plaintiffs' constitutional rights. *Tindal v. Montgomery County Comm'n.,* 32 F.3d 1535 (11th Cir.1994).

■ Qualified Immunity will shield public officials performing discretionary functions only to the extent that their actions do not violate clearly established constitutional rights. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Plaintiffs allege violation of their Fourteenth Amendment right to equal protection. Additionally, Plaintiff Erickson alleges violation of her First Amendment right to freedom of speech.

The test for denial of qualified immunity also asks whether or not a reasonable government official would have been aware of these rights.

■ As to the alleged freedom of speech violation, the Eleventh Circuit Court, in *Bryson v. City of Waycross,* 888 F.2d 1562 (1989), set forth a four part test to determine whether or not an employer's action violates an employee's right to freedom of speech. The *Bryson* test is as follows: (1) whether the employee's speech was on a matter of public concern; (2) whether the employee's interest in her speech outweighed the state's interest in promoting efficient service; (3) whether the employee's speech played a sub-

---

1. Counsel for Defendant Collier County is directed to Local Rule 3.01(c) which state "Absent prior permission of the Court, no party shall file any brief or legal memorandum in excess of twenty (20) pages in length."

stantial role in the employment decision; and (4) whether the employer has demonstrated that he would have terminated the employee regardless of her protected speech. *Tindal v. Butler*, 32 F.3d 1535, 1539–1540 (11th Cir. 1994).

■ Plaintiff Erickson alleges that she spoke out against a pattern of sexual discrimination within the Collier County Sheriff's Office. In determining whether or nor this is a matter of public concern, the Court must look at whether or not this speech was a motivated by the employee's self-interest in improving the conditions of her employment. *Morgan v. Ford*, 6 F.3d 750, 755. Erickson alleges that she was concerned with a pattern of unequal treatment towards females within the Collier County Sheriff's Office. This satisfies the public concern test, as it not only concerned Erickson but all female deputies.

Next, in *Tindal v. Butler*, 32 F.3d 1535, 1540, the court noted that the Plaintiff had an interest in speech that described discriminatory statements. However, to ensure an efficient running of governmental offices and agencies that interest must be weighed with the state's interest. Hunter has not yet answered; therefore, it is difficult to determine whether or not Erickson's speech caused such a disruption as would be necessary to outweigh Plaintiff's free speech interest. When the record before the court is taken in a light most favorable to the Plaintiff, the Court finds that Erickson has satisfied this test. However, the final determination on this issue would be a question of fact for the trier of fact.

The final two prongs of the test can be looked at together. Erickson is alleging constructive discharge, or alleging that her situation became so unbearable that she was left with no other alternative than resignation. Therefore, the last two prongs of the test must be modified for Erickson. Blending parts three and four of the test to meet Erickson's situation, the question becomes whether Plaintiff's speech played a substantial role in creating the unbearable work environment. This encompasses both parts three and four of the *Bryson* test. The record before the Court, when viewed in a light most favorable to the Plaintiff demonstrates that these two tests are satisfied. Again, this is a fact intensive question, to be determined by the trier of fact.

The *Bryson* test is satisfied. However, Hunter would still be entitled to qualified immunity if a reasonable person would not have known that the "constructive discharge" violated Erickson's First Amendment right to freedom of speech. Again this is fact intensive and must be determined by the trier of fact. Nevertheless, it appears to the Court that a reasonable person would know that such treatment would be a violation of Erickson's clearly established constitutional rights.

■ Turning next to the claims of violation of the Fourteenth Amendment, this Court finds that the right to equal protection under the law is clearly established. A reasonable person can not help but know that the same treatment afforded male employees must be afforded female employees. Hunter should have known that disparate treatment was a violation of Plaintiffs' clearly established right to equal protection.

It is important to emphasize at this juncture that the Court's finding is merely a determination of whether or not Plaintiffs survive Hunter's request for qualified immunity. As that request was made by the Defendant, it must be viewed in a light most favorable to the Plaintiffs. This finding by the Court is not meant to suggest that Hunter actually violated the rights of Plaintiffs, but simply that Defendant cannot be given qualified immunity at this point in the case.

(2) Sufficiency of the Pleadings

■ Each claim founded upon a separate transaction or occurrence shall be pled separately whenever separation facilitates the clear presentation of the matters set forth. Fed.R.Civ.P. 10(b). Accordingly, this Court has examined the Complaint to ascertain whether or not separate paragraphs would facilitate a clear presentation of the allegations. This Court finds that separation would not facilitate a clearer presentation of the allegations.

■ Three Plaintiffs have joined together in one Count in the Complaint, Count I—Denial of Equal Protection and Violation of Civil Rights. In paragraph 32 of their complaint, Plaintiffs allege that the "customs, policies, and procedures" of Defendant Hunter have caused their injury. Plaintiffs are alleging a continuous mode of behavior that caused their injuries. While the behavior manifested itself differently to each Plaintiff, Plaintiffs are alleging that it was the end result of a single pattern. It would be inappropriate to dismiss under Fed.R.Civ.P. 10(b).[2] Defendants' Motion to Dismiss pursuant to Rule 10(b) is denied.

### (3) Title VII claims

■ Defendants correctly point out that in order to bring a Title VII claim, all administrative remedies must be exhausted. Plaintiff Erickson exhausted her administrative remedies and obtained a right to sue letter. If one plaintiff has timely filed an Equal Employment Opportunities Commission (EEOC) complaint as to that plaintiff's original claim, then the other plaintiffs may be able to "piggy-back" their claims, as long as two prerequisites are met. *See Jackson v. Seaboard Coast Line Railroad,* 678 F.2d 992 (11th Cir.1982). Those two prerequisites are: 1) at least one plaintiff must have a non-defective EEOC complaint, and 2) the filing and non-filing plaintiffs must have suffered similar discriminatory treatment in the same time frame.

The first prerequisite is met. Plaintiff Erickson filed an EEOC complaint and, subsequently, received a right to sue letter. Paragraphs 30 and 32 of Plaintiffs' Complaint meet the first part of the second prerequisite. Plaintiffs allege similar discriminatory treatment, namely that the "customs, policies, and practices" of the Sheriff's Office caused the type of discrimination that Plaintiffs allege to have suffered. However, the time frame in which the alleged discriminatory treatment occurred is unclear.

■ The rules of civil procedure allow for liberal discovery. Fed.R.Civ.P. 26. However, this information must be received in a timely manner. While Plaintiffs Limes and Bobbitt allege in paragraphs 21(b) and 26(b) of the Complaint that the discriminatory treatment occupies the same time frame, this is too important an issue to be left unclarified. If the time frames do not overlap, Plaintiffs Bobbitt and Limes have not satisfied the single filing rule as set forth in *Jackson v. Seaboard Coast Line Railway,* 678 F.2d 992 (11th Cir.1982). If the single filing rule is not satisfied, then this Court has no jurisdiction to hear Plaintiffs Limes and Bobbitt, as they have not exhausted their administrative remedies. There is no reason to let this issue lie in wait until discovery. Therefore, Plaintiffs shall have ten days to amend their complaint to include the time frames in which the alleged discriminatory treatment occurred.

### (4) Motion for a More Definite Statement

A more definite statement is appropriate if the pleadings are so vague or ambiguous that a party cannot be reasonable expected to frame a response. Fed.R.Civ.P. 12(e). Plaintiffs' Complaint is not vague or ambiguous.

■ Of particular interest to Defendants is the fact that Plaintiffs fail to cite statutory authority in the Counts of their Complaint. Rule 8(a)(2), *Fed.R.Civ.P.,* requires that a party state a party state a "short and plain statement of the claim showing that the pleader is entitled to relief." Details of both fact and law come later in other documents. *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073 (7th Cir.1992).

■ Plaintiffs' Complaint notifies Defendants of the basis of their claim, that the Collier County Sheriff's Office, under Sheriff Hunter, has a practice of discrimination against female employee. As Defendant Collier County correctly points out, motions for more definite statement are disfavored. *Bazal v. Belford Trucking Company,* 442 F.Supp. 1089 (S.D.Fla.1977). Discovery is the correct vehicle to obtain information necessary for trial.

---

**2.** Generally, a violation of Rule 10(b) results in dismissal of the complaint with leave to replead.

*See H.L. Miller Mach. Tools, Inc. v. Acroloc Inc.,* 679 F.Supp. 823 (C.D.Ill.1988).

In *Scarfato v. National Cash Register Corp.*, 830 F.Supp. 1441 (M.D.Fla.1993), this Court stated that a motion for more definite statement should only be granted if a pleading is so vague or ambiguous that a party cannot reasonably be expected to respond. The Complaint in this case does not rise to that level of vagueness or ambiguity. Therefore, Defendants' Motion for More Definite Statement is denied.

**(5) Failure to State a Claim**

Defendant Collier County argues that Plaintiffs have failed to state a claim towards it, as it is not responsible for the Sheriff's Office. This issue was raised by this same Defendant in *Pratt v. Hunter*, 93–233–CIV–FTM–24(D). In that case, this Court found that a sufficient nexus existed between the Collier County Sheriff's Office and Collier County. Nothing has been presented that would lead this Court to a different conclusion.

Plaintiffs allege in paragraph 57 of their complaint that the Sheriff's salary and those of his deputies are paid by local taxation, out of the Collier County's budget. In *Lucas v. O'Loughlin*, 831 F.2d 232 (11th Cir.1987), this was found to create enough of a nexus between the County and the Sheriff's Office, leading the court to conclude that the acts of the Sheriff were the acts the county. Therefore, Defendant Collier County's Motion to dismiss for Failure to State a Claim is denied.

**(6) Constructive Discharge and Liberty Interest**

As to the constructive discharge claim, Defendant Don Hunter states Count III should be dismissed Plaintiff Erickson's situation fails to rise to the level of intolerable conditions contemplated by the court in *Young v. Southwestern Savings and Loan*, 509 F.2d 140 (5th Cir.1975). Again, Fed. R.Civ.P. 8 does not require Plaintiff to state every situation, condition, and nuance that may be presented at trial. The intolerable conditions test, based on the reasonable person standard, is a fact intensive question. As such, it is to be left to the trier of fact. It would be inappropriate to dismiss Count III prior to discovery, let alone prior to answers.

Defendant Hunter's Motion to Dismiss Count III is denied.

Defendant Hunter also raises the question of a liberty interest claim in Count III. Hunter states that Plaintiff Erickson must met the elements set forth in *Andreu v. Sapp*, 919 F.2d 637 (11th Cir.1990). In the Complaint, Erickson alleges loss of employment opportunities. In *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the Court quoted *Joint Anti–Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817 (1951) and stated "to be deprived not only of present government employment but of the future opportunity for it is certainly no small injury."

Plaintiff Erickson is alleging that not only was she constructively discharged from the Collier County Sheriff's Office, but that she also loss future employment opportunities. This allegation is enough to ensure that Count III survives a motion to dismiss. Because Defendant Hunter's Motion to Dismiss Count III of Plaintiffs' Complaint must be viewed in a light most favorable to the Plaintiff, the Court must deny it.

**(7) Punitive Damages**

Defendant Collier County moves to strike all claims against it for punitive damages. Punitive damages are available in discrimination actions, provided that they are not against the government or a governmental agency. 42 U.S.C. § 1981a(b)(1). Collier County is a governmental entity, and, therefore, no punitive damages may be received from it. Plaintiffs stated that they are not suing Collier County for punitive damages, but merely instituting an action that may cause Collier County to pay punitive damages. This interesting attempt to circumvent the statute does not succeed. Punitive damages are not recoverable against the government.

The word "recover" appears not only in the statute, but also in two cases that hold that punitive damages were not recoverable against the government; *Clark v. City of Macon*, 860 F.Supp. 1545 (M.D.Ga.1994) and *Beth v. Espy*, 854 F.Supp. 735 (D.Kan.1994).

Additionally, the Florida Statutes provide that, while the state can be sued and

damages may be awarded against it, no punitive damages may be recovered from the state or any of its subdivisions. Florida Statutes § 768.28 (1995). Plaintiffs note that Collier County is a political subdivision of the state of Florida. As a political subdivision of the state of Florida, Collier County is immune from paying punitive damages. Therefore, Collier County's Motion to Strike Punitive Damages is granted. Accordingly, it is

**ORDERED** that:

(1) Defendant Hunter's Motion to Dismiss based on Qualified Immunity is **Denied;**

(2) Defendants' Motion to Dismiss for insufficient pleadings is **Denied;**

(3) Defendants' Motion to for More Definite Statement is **Denied;**

(4) Defendant Collier County's Motion to Dismiss for Failure to State a Claim is **Denied;**

(5) Defendant Hunter's Motion to Dismiss Count III of Plaintiff's Complaint is **Denied;**

(6) Defendant Collier County's Motion to Strike Punitive Damages is **Granted;** and

(7) Plaintiffs shall have ten days to **amend** their complaint to include specific dates of discriminatory treatment to ensure the applicability of the single filing rule.

**DONE and ORDERED.**