Virginia **ELLIOTT,** Plaintiff,

v.

**SHERWOOD MANOR MOBILE HOME PARK and Mark Hassan Hosseini,** Defendants.

No. 96–532–CIV–T–17B.

United States District Court, M.D. Florida, Tampa Division.

Nov. 25, 1996.

Suzanne Harris, Law Office of Suzanne Harris, Lakeland, FL, for plaintiff.

J. David Pobjecky, Law Office of J. David Pobjecky, Winter Haven, FL, for defendants.

### ORDER ON MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND IMPROPER PARTY AND MOTION FOR A MORE DEFINITE STATE-MENT

KOVACHEVICH, Chief Judge.

This cause comes before the Court on Defendant, Sherwood Manor Mobile Home Park (the "Park"), and Defendant, Mark Hassan Hosseini's ("Hosseini") motion to dismiss complaint for failure to state a claim and improper party or, in the alternative, motion for a more definite statement, with memorandum in support, (Dkt. 5) and response thereto (Dkt. 6).

### ALLEGED FACTS

Plaintiff, Virginia Elliott ("Elliott"), filed a complaint alleging that: 1) she has leased a mobile home in Sherwood Manor Mobile Home Park; 2) she is a disabled adult; and 3) Hosseini and the Park, as her landlords, discriminated against her by "treat[ing] her differently in terms, conditions, and provision

of services and refus[ing] to make reasonable accommodations in rules, policies, practices, and services with regard to her tenancy in the Park" (Dkt. 1). The complaint includes the following causes of action: 1) violation of the Fair Housing Act, 42 U.S.C. §§ 3601–3619 (1994); 2) violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213 (1994); and 3) violation of the Florida Fair Housing Act, Fla.Stat. §§ 760.20–760.37 (1995).

On March 4, 1994, Elliott signed a lease to rent a mobile home and lot in the Sherwood Manor Mobile Home Park. She suffers from post polio syndrome, cerebral palsy, diabetes and diabetic neuropathy, and depression. As a result of complications from these various illnesses, Elliott was hospitalized in August of 1995. Upon release from the hospital, she had to purchase a scooter to transport herself around the Park.

In September of 1995, Elliott asked the Defendant to add a ramp to her mobile home so that she could get the scooter in and out of her residence. According to Elliott, the Defendant refused to build the ramp and commented that she did not look disabled. Subsequently, on November 2, 1995, Elliott had a ramp installed at her home.

On November 2, 1995, the manager of the Park threatened to remove Elliott's ramp and she had to call the police in order to prevent its removal. After the police left, Elliott claims that the manager told her that the Defendants would remove the ramp unless she took out an extra insurance policy on the ramp, paid any extra taxes that the ramp required, and got a letter from her lawyer holding the Defendants harmless from liability on account of the ramp. That same day, Elliott took out an insurance policy on the ramp and had an attorney write a letter holding the Defendants harmless from liability for the ramp.

According to Elliott, on November 3, 1995, the Park's manager came to her home to discuss the letter. At that time he told her that they had never had a ramp in the Park and that she should consider moving to a handicapped facility. Then, after Elliott's attorney revised the letter in accordance with the Defendant's specifications, the defendant was contacted by her attorney regarding a possible discrimination suit.

On March 18, 1996, Elliott filed a complaint against the Park and Hosseini (the Park's owner), seeking to recover for violations of the Federal Fair Housing Act, the Americans with Disabilities Act, and the Florida Fair Housing Act. Elliott's prayer for relief on the three claims include: 1) enjoining Defendant's from discriminating in the future; 2) compensatory damages for out-of-pocket expenses, emotional pain, suffering, and humiliation; 3) punitive damages; and 4) attorney fees and costs. The Park and Hosseini responded by filing a motion to dismiss for failure to state a claim and improper party and motion for a more definite statement.

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### A. The Federal Fair Housing Act

Defendants first move to dismiss Count I, a claim for violation of the United States Fair Housing Act. The Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, enacted as Title VIII of the Civil Rights Act of 1968, was originally enacted to prohibit discrimination on the basis of race, color, religion, or national origin in housing practices. *See* 82 Stat. 81. In 1988, Congress extended coverage to handicapped persons. Fair Housing Amendments Act of 1988, P.L. No. 100–430, 102 Stat. 1619 (1988). One of the purposes of the Fair Housing Act, as extended to handicapped persons, is to prohibit practices which "restrict the choices" of people with disabilities to live where they wish, or which "discourage or obstruct [those] choices in a com-

munity, neighborhood or development." *See* 24 C.F.R. § 100.70(a).

Although the Plaintiff does not specify which provision of the Fair Housing Act the Defendants violated, it is clear from the nature of the complaint that the claim is based on 42 U.S.C. § 3604(f)(2), which prohibits "discriminat[ion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person." The Defendants argue that the complaint fails to specify discriminatory acts which would subject them to liability for any damages. However, Rule 8(a), Fed.R.Civ.P. requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This Court finds that the Plaintiff has adequately stated a claim pursuant to Rule 8(a), Fed.R.Civ.P., and alleged enough facts to put the Defendants on notice of the claims being made against them.

The Fair Housing Act defines "handicap" to be "a physical or mental impairment which substantially limits one or more of such person's major life activities." The Plaintiff asserts in her complaint that she suffers from post polio syndrome, cerebral palsy, diabetes and diabetic neuropathy, and depression. Moreover, she claims that, due to these illnesses, she uses a scooter to transport herself around her community. Therefore, the Plaintiff has plead that she is a member of the class protected by 42 U.S.C. § 3604.

Furthermore, discrimination covered by Section 3604(f)(3) of the Fair Housing Act, in pertinent part, includes:

> [A] refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied ... by such person .. if such modifications may be necessary to afford such person full enjoyment of the premises ... *or* a refusal to make reasonable accommodations *in* rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

42 U.S.C. § 3604(f)(3) (emphasis added). Among other things, the complaint at issue states that the Defendants refused to build a ramp for the Plaintiff's scooter, and when she built the ramp herself, the Park's owner and employee tried to have it removed. Furthermore, the complaint alleges that, after the Plaintiff installed the ramp at her mobile home, the Defendants failed to make necessary repairs until they were contacted by Plaintiff's attorney about a possible discrimination suit. In taking these facts to be true and construing them in the light most favorable to the Plaintiff, this Court finds that the Plaintiff has sufficiently provided a "short and plain statement of the claim" showing that she is entitled to relief. Thus, this Court concludes that, pursuant to Rule 8(a), Fed.R.Civ.P., the Plaintiff has adequately stated a claim upon which relief may be granted under 42 U.S.C. § 3604.

## B. *The Americans with Disabilities Act*

■ The Defendants next move to dismiss Count II, a claim for violation of the ADA. The ADA, 42 U.S.C. §§ 12101–12213, prohibits discrimination against Americans with disabilities in the areas of employment, public services, public accommodations, and services operated by private entities. This Court does not find, and the Plaintiff's complaint does not assert, that the Park falls within any one of these categories.

Thus, this Court concludes that, with respect to Count II, the Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. §§ 12101–12213. Count II is, therefore, **dismissed** with leave to file an amended complaint within ten (10) days.

## C. *Florida Fair Housing Act*

■ The third Count the Defendants move to dismiss for failure to state a claim involves the Florida Fair Housing Act, Fla.Stat. §§ 760.20–760.37. The Act, in pertinent part prohibits discrimination "in the provision of services or facilities in connection with [the rental of a dwelling] because of a handicap of that ... renter." Fla.Stat. § 760.23(8). The discrimination covered under this section of the Florida Fair Housing Act is the same discrimination prohibited under the Federal Fair Housing Act. *See* Fla.Stat. § 760.23(9). Likewise, the definition of "handicap" under the Florida Fair Housing Act is similar to its

definition under the Federal Act. *See* Fla. Stat. § 760.22(7).

For the reasons stated before, this Court concludes that the Plaintiff has stated a claim under the Federal Fair Housing Act, and concludes that the Plaintiff has sufficiently provided a "short and plain statement of the claim" showing that she is entitled to relief under the Florida Act. Thus, pursuant to Rule 8(a), Fed.R.Civ.P., the Plaintiff has adequately stated a claim upon which relief may be granted under Fla.Stat. §§ 760.20–760.37.

## MOTION TO DISMISS FOR IMPROPER PARTY

■ Whether a complaint should be dismissed for improper party is a question of law. *See Dean v. Barber*, 951 F.2d 1210 (11th Cir.1992); *Post v. City of Ft. Lauderdale*, 750 F.Supp. 1131 (N.D.Ga.1990); *Eddy v. City of Miami*, 715 F.Supp. 1553 (S.D.Fla. 1989).

■ The issue the alternative motion brings before this Court is whether Defendant Sherwood Manor Mobile Home Park is a legal entity capable of being sued for purposes of this suit. The Park claims that it is an improper party to the suit because the complaint does not show that the Park is a legal entity recognized by the laws of the State of Florida or the United States of America. In response, Elliott argues that, pursuant to Fed.R.Civ.P. 17(b), the Park is an appropriate Defendant in this case.

Federal Rule of Civil Procedure 17(b) states in pertinent part:

The capacity of an individual … to sue or be sued shall be determined by the law of the individual's domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. *In all other cases* capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing un-

der the Constitution or law of the United States.

Fed.R.Civ.P. 17(b) (emphasis added).

### A. *The Federal Fair Housing Act and the Americans with Disabilities Act*

■ The exception to Rule 17(b) permits an unincorporated association to be sued in its common name for the purpose of enforcing against it a substantive right existing under the law of the United States. As indicated by 42 U.S.C. §§ 3601–3619, the right to fair housing is such a right. In *National Association for Community Development v. Hodgson*, 356 F.Supp. 1399 (D.D.C.1973), the court addressed the applicability of this exception as it applies to the capacity of a plaintiff to sue:

When a party seeks to take advantage of the 'substantive right' exception and the laws under which that alleged right originate do not specifically limit the right to persons but rather say nothing one way or the other, a court is free to decide the applicability of the Rule 17(b) substantive right exception on the merits of the particular case before it. If the court finds that [the plaintiff] may sue to redress [her] injuries, then the plaintiff would qualify under the 'substantive right' exception and the 'common name' ground for defendants' motion to dismiss should be denied.

*Id.* at 1402.

Although this reasoning applies to an unincorporated plaintiff's right to sue, it is analogous to this case and the capacity of an unincorporated defendant to be sued. In this case, the Plaintiff seeks to 'take advantage' of the substantive right exception. Furthermore, the right to be sued under the Federal Fair Housing Act is not specifically limited to persons or corporations. Therefore, as reasoned in *Hodgson*, this Court can look to the merits of the case before it. As discussed above, this Court finds that the Plaintiff does have a cause of action under the United States Fair Housing Act. Thus, this Court further finds that the exception to the capacity to sue is applicable in this case and that the Park is a proper party to the United States Fair Housing claim.

Since the ADA did not survive Defendants' Motion to Dismiss for failure to state a claim, this Court does not find it necessary to discuss the Park's capacity to be sued under the Act. However, this Court does note that the application of Rule 17(b), Fed.R.Civ.P., is the same under both the ADA and the Federal Fair Housing Act.

### B. *The Florida Fair Housing Act*

█ Whether the Park is a proper party to the State Fair Housing Act, is determined by Florida law. *See* Fed.R.Civ.P. 17(b). Since the complaint does not state that the Park is a person or a corporation, its capacity to be sued is determined by Florida law. If the Park's capacity to be sued is not specifically granted by Florida Statute then the Park is an improper party to the Florida Fair Housing claim. *See Underwriters at LaConcorde v. Airtech Services, Inc.*, 493 So.2d 428 (Fla.1986); *The Florida Bar In re Rule 1.220(b), Florida Rules of Civil Procedure*, 353 So.2d 95 (Fla.1977); *Limouze v. M.M. & P. Maritime Advancement, et al.*, 397 F.Supp. 784 (D.M.D.1975); *See also Local 15 of the Independent Workers of Noble County, Inc. v. International Brotherhood of Electrical Workers*, 273 F.Supp. 313 (N.D.Ind.1967) (stating that a private unincorporated association, absent enabling legislation, cannot be sued as an entity in its association name).

The Plaintiff, in her complaint, has not asserted a Florida Statute which provides that the Park has the capacity to be sued under Florida's Fair Housing Act. Thus, the claim under the Florida Fair Housing Act, as against the Park, is dismissed with ten (10) days leave to amend.

### *MOTION FOR A MORE DEFINITE STATEMENT*

█ A Motion for a More Definite Statement should only be granted if a pleading is so vague or ambiguous that a party cannot reasonably be expected to respond. *Scarfato v. National Cash Register Corp.*, 830 F.Supp. 1441 (M.D.Fla.1993).

█ The Defendants move for a more definite statement with regard to the entire complaint. The Defendants first argue that the complaint does not state what specific acts the Defendants allegedly committed. According to the Defendants, they cannot respond to the complaint without clarification regarding the specific details of each count. Such specificity in pleading is not required by the Federal Rules of Civil Procedure. *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D.Cal.1981).

The Defendants also argue that the complaint does not state the specific subparts of the statutes they allegedly violated. Rule 8(a)(2), Fed.R.Civ.P., requires that a party state a "short and plain statement of the claim showing that the pleader is entitled to relief." Details of fact and law come later in other documents. *Erickson v. Hunter*, 932 F.Supp. 1380, 1384 (M.D.Fla.1996) (citing *Bartholet v. Reishauer A.G.*, 953 F.2d 1073 (7th Cir.1992)).

The Plaintiff's Complaint notifies the Defendants of the basis of her claim. The Complaint in this case does not fall to the level of vagueness or ambiguity necessary to grant a Motion for a More Definite Statement. It is not so vague or ambiguous that the Defendants could not be expected to respond. Therefore, Defendants' Motion for a More Definite Statement is denied. Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss for failure to state a claim (Dkt. 5) be **DENIED** with respect to Counts I and III and **GRANTED** with respect to Count II; that Defendants' Motion to Dismiss Sherwood Manor Mobile Home Park for improper party (Dkt. 5) be **DENIED** with respect to Count I and **GRANTED** with respect to Count III; and that Defendants' Motion for a More Definite Statement (Dkt. 5) with regard to the entire complaint be **DENIED**. Plaintiff has ten (10) days from the date of this order in which to file an Amended Complaint or Count II, in its entirety, and Count III, as against Sherwood Manor Mobile Home Park, will be dismissed with prejudice.