**ADVOCACY CENTER FOR PERSONS WITH DISABILITIES, INC.; Bobby Dixon; Grovie Dalsell; Tracy Friedland; and Michael Harris, Plaintiffs,**

v.

**. WOODLANDS ESTATES ASSOCIATION INC., a Florida nonprofit corporation, Defendant.**

**No. 8:01–CV–1122–T–17MAP.**

United States District Court,
M.D. Florida.
Tampa Division.

Jan. 31, 2002.

Gordon B. Scott, Advocacy Center for Persons With Disabilities, Inc., Tallahassee, FL, Hubert A. Grissom, Advocacy Center for Persons With Disabilities, Inc., Ft. Lauderdale, FL, for plaintiffs.

Jonathan J. Ellis, Broad & Cassel, Tampa, FL, for defendant.

## *ORDER*

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Plaintiffs' Motion for Summary Judgment with Statement of Material Facts in Support of Motion and Accompanying Memorandum of Law (Docket No. 16, filed December 12, 2001); and Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Final Judgment (Docket No. 20, filed January 3, 2002); and Defendant's Motion for Summary Judgment and Memorandum of Law (Docket No. 24, filed January 11, 2002).

### Background

Plaintiff, Advocacy Center for Persons with Disabilities, Incorporated (Plaintiff Advocacy Center), is Florida's Protection

and Advocacy system, which has standing to sue on its own behalf and on behalf of it constituents. *See* 42 U.S.C. § 15043(a)(2)(A)(i) (authorizing an Advocacy and Protection system to pursue legal, administrative, and other appropriate remedies or approaches on behalf of the developmentally disabled); *Doe v. Stincer,* 175 F.3d 879, 886 (11th Cir.1999) (holding that the Advocacy Center has standing to bring suit under Title 42, United States Code, Section 10801, *et seq.*). The individual Plaintiffs are developmentally disabled and reside in a group home which is owned by the Upper Pinellas Association for Retarded Citizens (UPARC), located at 110 Arbor Lane, Oldsmar, Pinellas County, Florida. Defendant Woodlands Estates Association, Incorporated (Defendant) is a homeowners' association for East Lake Woodlands Unit One, where the Plaintiffs' group home is located. The property on which the home is located is governed by the Declarations of Covenant and Restrictions for East Lake Woodlands Unit One (the Declarations).

On December 18, 2000, Defendant sent a letter to UPARC, requesting that it take no action in moving Plaintiffs into the home. According to the letter, Defendant claimed that UPARC's proposed use of the home was in violation of Section 2.01, and may potentially violate Section 2.25, of the Declarations. Specifically, Section 2.01 states that:

> The Lots and Buildings shall be used for residential purposes only .... No buildings at any time situate[d] on any Lot or Building Plot shall be used for any business, commercial, amusement, hospital, sanitarium, school, clubhouse, religious, charitable, philanthropic, or manufacturing purposes, or as a professional office ....

Section 2.25 provides that "no illegal, noxious, or offensive activity, nor shall anything be permitted or done thereon which is or may become a nuisance or a source of embarrassment, discomfort or annoyance to the neighborhood or Development."

On January 18, 2001, Defendant filed a complaint against UPARC in the Sixth Judicial Circuit Court in Pinellas County, Florida to enforce the Declarations. Plaintiffs then filed a complaint with this Court, asking for declaratory and injunctive relief on the grounds that Defendant violated the Fair Housing Act, Title 42, United States Code, Section 3601, *et seq.* (Docket No. 1, filed June 8, 2001).

Plaintiffs now move for summary judgment on the grounds that there is no dispute that allowing Plaintiffs to reside in the home is a reasonable accommodation under the Fair Housing Act; thus, this Court should declare that Defendant has violated the Act and enjoin Defendant from enforcing Section 2.01 of its Declarations in state court. Defendant asks this Court to deny Plaintiffs' motion because Plaintiffs cannot establish that an accommodation is necessary to afford equal opportunity to the Plaintiffs and because Defendant cannot be punished for using the state court judicial system.

### Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). That burden can be discharged if the moving party can show the Court that there is "an absence of evidence to support the non-

moving party's case." *Id.* at 323, 325, 106 S.Ct. 2548. When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing that there is a genuine issue of material fact. *Id.* at 324, 106 S.Ct. 2548.

Issues of fact are "'genuine' only if a reasonable jury considering the evidence presented could find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Material facts are those that will affect the outcome of the trial under governing law. *Id.* at 248, 106 S.Ct. 2505. In determining whether a material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First Natl. Bank of Mt. Pleasant,* 595 F.2d 994, 996–997 (5th Cir.1979).

The court may not weigh the credibility of the parties on summary judgment. *Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1531 (11th Cir.1987). If the determination of the case rests on which competing version of the facts or events is true, the case should be submitted to the trier of fact. *Id.*

### Discussion

The Fair Housing Act, Title 42, United States Code, Section 3601, *et seq.,* enacted as Title VIII of the Civil Rights Act of 1968, was originally enacted to prohibit discrimination in housing practices on the basis of race, color, religion, or national origin. *Elliott v. Sherwood Manor Mobile Home Park,* 947 F.Supp. 1574, 1576 (M.D.Fla.1996). In 1988, Congress extended coverage to disabled persons. *Fair Housing Amendments Act of 1988* (FHAA), P.L. No. 100–430, 102 Stat. 1619 (1988). In extending the FHAA to disabled persons, Congress intended to pro-

hibit practices that "restrict the choices" of disabled persons to live where they wish or that "discourage or obstruct [those] choices in a community neighborhood or development." *Elliott,* 947 F.Supp. at 1576–1577 (citing 24 C.F.R. § 100.70(a)).

The FHAA defines "handicap" as "a physical or mental impairment which substantially limits one or more of such person's major life activities." 42 U.S.C. § 3602(h); *Elliott,* 947 F.Supp. at 1577. Plaintiffs are developmentally-disabled individuals, and this impairment substantially limits some of their major life activities. (*See* Buckley Dep., pp. 42–43) (stating that Plaintiffs are "mentally retarded" and have "substantial limits in functioning"). Defendant argues that Plaintiffs have failed to show that Plaintiffs are developmentally disabled and to disclose the exact disabilities of each Plaintiff. However, the Court finds that Plaintiffs have sufficiently shown that they constitute "handicapped persons" within the meaning of the FHAA. First, the Plaintiffs receive assistance in daily living from UPARC, an organization that provides services and supports for developmentally-disabled persons. (Buckley Dep., p. 7). Second, Thomas Buckley, UPARC's executive director, stated, in his deposition, that Plaintiffs are "mentally retarded" and have "substantial limitations in functioning." (Buckley Dep., pp. 42–43).

Defendant is correct that Plaintiffs have failed to disclose the specifics of each handicap of each individual Plaintiff, but, as Mr. Buckley stated, this failure to disclose is for the privacy of the individual Plaintiffs. Moreover, Defendant has failed to bring forth any evidence on the record to show that Plaintiffs are not disabled or that they do not qualify as "disabled" under the FHAA. The Court finds that Plaintiffs have shown that they are developmentally disabled and substantially limited in one or more of their life's major activities.

### FHAA's Section 3604

Section 3604(f)(3) of the FHAA provides, in part, that it shall be unlawful:

(1) To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of—

. . . . .

(B) a person residing in or intending to reside in that dwelling after it is sold . . . or made available.

. . . . .

(2) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of a handicap of—

. . . . .

(B) a person residing in or intending to reside in that dwelling after it is sold . . . or made available.

. . . . .

(3) For purposes of this subsection, discrimination includes—

. . . . .

(B) a refusal to make reasonable accommodations in rules, policies, [or] practices . . . when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

42 U.S.C. § 3604(f). Plaintiffs who allege a violation of Section 3604(f) may proceed under any and all of three theories: disparate treatment, disparate impact, and failure to make reasonable accommodations. *Smith & Lee Associates, Inc. v. City of Taylor,* 102 F.3d 781, 790 (6th Cir.1996). Plaintiffs have alleged their claim under the theory that Defendant failed to make a reasonable accommodation for Plaintiffs in it attempt to enforce the restrictions under Section 2.01 of the Declarations.

### Reasonable Accommodation

 The FHAA requires accommodations for disabled persons, if the accommodations are reasonable and necessary, to afford disabled persons equal opportunity to use and enjoy housing. 42 U.S.C. § 3604(f)(3). An entity must reasonably accommodate a qualified individual with a disability by making changes in rules, policies, practices, or services, when necessary. *Dadian v. Village of Wilmette,* 269 F.3d 831, 839 (7th Cir.2001) (citing 42 U.S.C. § 3604).

The determination of whether an accommodation is reasonable is highly fact-specific and determined on a case-by-case basis. *Id.* (citing *Bronk v. Ineichen,* 54 F.3d 425, 429 (7th Cir.1995)). For example, an accommodation is reasonable if it does not impose "undue financial and administrative burdens" or "changes, adjustments, or modifications to existing programs that would be substantial, or that would constitute fundamental alterations in the nature of the program." *Bryant Woods Inn, Inc. v. Howard County, Maryland,* 124 F.3d 597, 605 (4th Cir.1997) (quoting *Southeastern Community College v. Davis,* 442 U.S. 397, 412, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979) and *Alexander v. Choate,* 469 U.S. 287, 301 n. 20, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985)).

In determining whether a requested accommodation is necessary, "[t]he overall focus should be on 'whether waiver of the rule would be so at odds with the purposes behind the rule that it would be a fundamental and unreasonable change.'" *Dadian,* 269 F.3d at 838–839 (quoting *Washington v. Indiana High Sch. Athletic Assn., Inc.,* 181 F.3d 840, 846–848 (7th Cir.1999)). Courts generally balance the burdens imposed on the defendant by the contemplated accommodation against the benefits to the plaintiff. *Groner v. Golden Gate Gardens Apartments,* 250 F.3d 1039, 1041 (6th Cir.2001) (citing *Smith & Lee Associates,* 102 F.3d at 795).

Although the Eleventh Circuit has not addressed what constitutes a "reasonable accommodation" under the FHAA, several federal courts have. In *Trovato v. City of Manchester, New Hampshire,* the United States District Court for the District of New Hampshire found that the defendant city violated the FHAA when it failed to allow a zoning variance for plaintiffs who suffered from muscular dystrophy. 992 F.Supp. 493 (D.N.H.1997). The plaintiffs requested the city to allow them to build accessible parking in the front of the home because of the difficulty that they had walking. *Id.* at 497. The court held that the reasonable accommodation requirement of the FHAA clearly applied to zoning ordinances; thus, the city's failure to reasonably accommodate plaintiffs violated the FHAA. *Id.; see U.S. v. Village of Marshall, Wisconsin,* 787 F.Supp. 872 (W.D.Wis.1991) (holding that a Wisconsin statute that established spacing restrictions for proposed community-based residential facilities constituted "rules, policies, practices, or services" under FHAA; thus, the defendant's failure to grant an exception to the statute constituted a failure to make a "reasonable accommodation" under the FHAA).

Conversely, the Fourth Circuit, in *Bryant Woods Inn, Incorporated v. Howard County* Maryland, found that the defendant county did not violate the FHAA's requirement to provide reasonable accommodations when it failed to allow a zoning variance for the expansion of a group home. 124 F.3d 597 (4th Cir.1997). The court reasoned that the expansion would defeat the purpose of the zoning ordinance, resulting in traffic congestion and parking problems; therefore, the accommodation was not reasonable in light of the large burden on the county and the small benefit to the plaintiffs. *Id.* at 604.

Also, in *Groner v. Golden Gate Apartments,* the Sixth Circuit found that the defendant landlord did not violate the FHAA when it failed to renew the lease of a schizophrenic plaintiff. 250 F.3d 1039 (6th Cir.2001). Because the defendant frequently received complaints from other tenants about the plaintiff's behavior, the court found that renewing his lease was not a reasonable accommodation under the FHAA. *Id.* at 1045. However, the Sixth Circuit did find a violation of the reasonable accommodation requirement when the defendant city failed to amend a zoning ordinance to allow a twelve-person elderly adult foster home to operate in a single-family residence district. *Smith & Lee Associates, Inc. v. City of Taylor, Michigan,* 102 F.3d 781 (6th Cir.1996).

Similar to the case at hand, the United States District Court for the Eastern District of Missouri found that the defendants, owners of real estates in a residential neighborhood, failed to reasonably accommodate the developmentally-handicapped plaintiffs when defendants attempted to enforce a restricted covenant that prevented plaintiffs from living in a group home. *Martin v. Constance,* 843 F.Supp. 1321, 1326 (E.D.Mo.1994). In *Martin,* the defendants filed an action in state court to enforce a restrictive covenant that would prevent the six mentally-retarded plaintiffs from residing in a home in the defendants neighborhood as a group home. *Id.* at 1323. The plaintiffs brought an action to enjoin defendants from enforcing the covenant. *Id.* At trial, plaintiffs presented evidence that the plaintiffs in the group home operated as a functional family, and there was little turnover in the makeup of the group. *Id.* The court found that the attempted enforcement of the restrictive covenant constituted a refusal to make a "reasonable accommodation necessary to afford plaintiffs an equal opportunity to use and enjoy the dwelling." *Id.* at 1326. As such, a reasonable accommodation would have been *not* to seek enforcement

of the covenant because it would not impose an undue financial burden on the defendant, nor would it undermine the basic purpose of the covenant. *Id.* (emphasis added).

■ In the instant case, the Court finds that Defendant did not reasonably accommodate Plaintiffs, in violation of the FHAA, when it failed to waive the enforcement of its deed restrictions contained in the Declarations. Like the parties in *Martin,* here the six developmentally-disabled Plaintiffs want to continue to live in their group home in Defendant's neighborhood, and Defendant is seeking to enforce a deed restriction to prevent Plaintiffs from living there. Also like the evidence that the plaintiffs presented in *Martin,* Plaintiffs have brought forth evidence on the record showing that Plaintiffs' group home operates like a functional family and that there is little turnover in the group. Specifically, four of the six Plaintiffs have lived together for the past thirteen years. (Buckley Dep., p. 33). Moreover, there is no evidence on the record to show that failing to enforce Section 2.01 of the Declarations would impose an undue financial burden on the Defendant or undermine the basic purpose of the restriction, namely to maintain the residential nature of the neighborhood.

The Court finds that Defendant is in violation of the Fair Housing Act, as amended in 1988, 42 U.S.C. § 3604(f) and Defendant is enjoined from attempting to enforce the deed restriction in question from operating.

### Defendant's Motion for Summary Judgment

■ Defendant moves for summary judgment on the grounds that its act of filing a state lawsuit is protected on First Amendment grounds. However, if the lawsuit was filed for an illegal objective, without a reasonable basis in law or fact,

and with an improper motive, Defendant will lose its First Amendment protection of the state lawsuit. *U.S. v. Wagner,* 940 F.Supp. 972, 980 (N.D.Tex.1996).

### A. Illegal Objective

■ In determining whether Defendant loses its right to First Amendment protection for its state claim, the Court must look at the objective of the state court suit, not its potential effect. *Wagner,* 940 F.Supp. at 981. The Court finds that Defendant's objective in filing the state court suit was to enforce the deed restrictions set forth in its Declarations. As stated above, the Court finds this to be a violation of the FHAA; thus, Defendant filed the lawsuit for an illegal objective, and its state lawsuit is not protected by the First Amendment.

### B. Reasonable Basis in Law or Fact

The Court also concludes that Defendant had no reasonable basis in law or fact because there was ample authority that it violated the FHAA when it filed its lawsuit. Although the Eleventh Circuit has not decided what it considers to be a reasonable accommodation, many federal courts have. Moreover, the case law is clear that Defendant was violating the FHAA when it attempted to enforce the deed restrictions against Plaintiffs. *E.g. Smith & Lee Associates, Inc. v. City of Taylor, Michigan,* 102 F.3d 781 (6th Cir. 1996); *Trovato v. City of Manchester, New Hampshire,* 992 F.Supp. 493 (D.N.H.1997); *Martin v. Constance,* 843 F.Supp. 1321 (E.D.Mo.1994); *U.S. v. Village of Marshall, Wisconsin,* 787 F.Supp. 872 (W.D.Wis.1991). Although a few courts have held that the enforcement of certain restrictive covenants was not a violation of the FHAA, these cases are factually dissimilar to the case at hand. *E.g. Groner v. Golden Gate Apartments,* 250 F.3d 1039

(6th Cir.2001); *Bryant Woods Inn, Inc. v. Howard County, Maryland,* 124 F.3d 597 (4th Cir.1997). The Court finds that Defendant did not have a reasonable basis in law or fact for filing their state law claim; therefore, Defendant's state law claim is not protected by the First Amendment.

### C. Improper Motive

Finally, the Court finds that Defendant had an improper motive in filing its state law claim because it had knowledge of the use of Plaintiffs' home at the time that it filed its lawsuit. Defendant sent a letter to UPARC, requesting that Plaintiffs not use the property for the purpose of a group home. This fact warrants the conclusion that Defendant had knowledge of the Plaintiffs' intended use of the home, thereby, giving it an improper motive for filing its lawsuit. Thus, because Defendant had an improper motive in filing its state law claim, the lawsuit is not protected under the First Amendment.

Accordingly, it is

**ORDERED** that Plaintiffs' Motion for Summary Judgment with Statement of Material Facts in Support of Motion and Accompanying Memorandum of Law (Docket No. 16) be **GRANTED**; Defendant's Motion for Summary Judgment and Memorandum of Law (Docket No. 24) be **DENIED**; and the Clerk of the Court **SHALL** enter Judgment for Plaintiffs.