Trovato, et al. v. Manchester        CV-96-071-M    09/30/97   P
                    UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW HAMPSHIRE


Sylvia Trovato and Sharleen Durost,
      Plaintiffs,

      v.                                      Civil No. 96-71-M

City of Manchester, New Hampshire,
      Defendant.


# O R D E R   O N   S U M M A R Y   J U D G M E N T
## A N D
# P E R M A N E N T   I N J U N C T I O N


     Plaintiffs Sylvia Trovato and her daughter, Sharleen Durost,

bring this action for injunctive and declaratory relief against

Defendant City of Manchester, New Hampshire.  Plaintiffs filed

their complaint after the city refused to grant them permission

to build a paved parking space in the front of their home.  Both

plaintiffs suffer from muscular dystrophy and claim that the

city's refusal violated their rights under Title II of the

Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12131-

12134 (West 1995); Section 504 of the Rehabilitation Act, 29

U.S.C.A. § 794 (West Supp. 1997); and the Fair Housing Amendments

Act of 1988 ("FHAA"), 42 U.S.C.A. § 3604(f)(West 1994).

     Before the court are cross motions for summary judgment.

For the reasons set out below, defendant's motion is denied and

plaintiffs' motion is granted.

## FACTS

Mrs. Trovato walks with difficulty but can get along for short distances using a walker. She sometimes requires a wheelchair. Sharleen wears a brace, has difficulty walking, and relies on her stepfather for help to go from the street up the walk and into the house. Mrs. Trovato can still drive a car. Because her gait is seriously impaired by the disease, Mrs. Trovato tends to walk very cautiously and without raising her feet too far off the ground — reminiscent of a slow shuffle. She walks at her peril over surfaces that are not smooth, not cleared, or that are inclined. She also cannot walk very far and has difficulties climbing stairs that are not built with a low rise.

The defendant City of Manchester does not dispute that both women suffer from muscular dystrophy, nor can it reasonably dispute that both walk tentatively and with extreme difficulty.

Plaintiffs want to put a relatively short paved parking space in front of their house, near the front steps, in order to facilitate their ability to leave and enter their house and get into their car. They prefer to use the front entrance of their home because the steps leading to the back door are significantly more steep. For some time the Trovatos have been pulling their car up onto the front lawn to park but with winter weather (and

2

rain and New Hampshire's mud season) the ground becomes rutted, iced, snow covered, and impassable for plaintiffs.

Toward that end, Mr. Trovato applied for a building permit to construct the paved space. The permit was denied because the zoning ordinance's setback requirements could not be met. Mr. Trovato was directed by the Building Commissioner to the Zoning Board of Adjustment ("ZBA") where he pursued an appeal. The ZBA gave notice of a public hearing on Mr. Trovato's appeal, simply noting that the appeal related to the following matter: "TO: create a paved parking space in street yard, where not allowed, as per plan submitted 6/5/95, at 36 Rand St." The ZBA also notified all abutters of the hearing, none of whom actually appeared to oppose, or otherwise opposed the request. Review of the transcript of the ZBA hearing filed by defendant reveals that the ZBA members construed the appeal as a request for a zoning variance, which the ZBA denied. The ZBA also seems to have considered in passing the possibility of granting a special exception, which might have permitted a "circular driveway," but abandoned the idea either because the matter before the ZBA was considered to be a variance application or because the lot size and building location did not qualify, or both. The Board expressed genuine sympathy for the plaintiffs' situation, but felt legally constrained to deny the appeal.

3

Understandably disappointed, Mr. Trovato sought and obtained legal help from the Disabilities Rights Center, Inc. On July 27, 1995, Lynne Zygmont, Esq., wrote to the ZBA on behalf of the Trovatos to request a rehearing, for the purpose of presenting evidence and argument related to plaintiffs' entitlement under federal law to a reasonable accommodation under the zoning ordinance sufficient to permit them to pave the parking area next to their front steps. Defendant city considered the request on August 14, 1995, and a review of the transcript of that meeting, filed by defendant, shows that the ZBA denied the request without any consideration of the city's responsibility under applicable federal law to insure that disabled persons are not subjected to discrimination. The ZBA did not consider the need for a hearing in order to, nor did the ZBA on its own, balance the interests of and benefits to these disabled individuals against the interest of and burden to the municipality in making accommodations under the zoning ordinance based on the facts of this particular case. Rather, the ZBA seems to have denied the request for rehearing because it erroneously concluded that state law applicable to variances precluded its granting any form of relief. One Board member, Signe A. McQuaid, noted that applications like plaintiffs' should be handled by a permit system which would in effect allow a reasonable accommodation in the form of an

4

exception under the otherwise applicable zoning ordinance, but only so long as the accommodation was needed. But the ZBA seems to have concluded that, absent municipal legislation, it was not authorized to extend such a permit, and could not grant a variance under state law, so denied the rehearing.

## DISCUSSION

### I.   Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact "is one 'that might affect the outcome of the suit under the governing law.'" United States v. One Parcel of Real Property with Bldgs., 960 F.2d 200, 204 (1st Cir. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson, 477 U.S. at 256. The party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial, demonstrating "some factual disagreement sufficient to deflect brevis disposition." Mesnick v. General Electric Co., 950 F.2d

5

816, 822 (1st Cir. 1991), <u>cert. denied</u>, 504 U.S. 985 (1992). That burden is discharged only if the cited disagreement relates to a genuine issue of material fact. <u>Wynne v. Tufts University School of Medicine</u>, 976 F.2d 791, 794 (1st Cir. 1992), <u>cert. denied</u>, 507 U.S. 1030 (1993).

## II.  The FHAA Claim

Plaintiffs base their FHAA claim on the city's refusal to exempt them from a zoning ordinance requiring that front yard parking spaces in certain residential areas be not less than four feet from the principal building.  Manchester Zoning Ordinance § 7.03(6)(a)(ii).  Plaintiffs contend that by denying their request for permission to build an accessible parking space in the front of their home, the city discriminated against them on the basis of their disability.

The Fair Housing Amendments Act of 1988 makes it unlawful to discriminate against "any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling" on the basis of that person's handicap.  42 U.S.C.A. § 3604(f)(2). Discrimination is defined to include refusing to make reasonable accommodations in "rules, policies, practices, or services" when necessary to afford a person with a handicap "equal opportunity

6

to use and enjoy a dwelling". 42 U.S.C.A. § 3604(f)(3)(B). A FHAA claim premised on a theory of failure to make reasonable accommodation does not require a showing of discriminatory intent. See, e.g. Smith & Lee Assocs. v. City of Taylor, 102 F.3d 781, 794-96 (6th Cir. 1996).

The court finds, as the parties agree, that plaintiffs are indeed "handicapped" within the meaning of the FHAA, 42 U.S.C.A. § 3602(h), and that plaintiffs' muscular dystrophy substantially limits their ability to walk. Although, literally, plaintiffs were not discriminated against regarding the sale or rental of housing, parking is clearly a "service or facility in connection with" their property affecting their use and enjoyment thereof and is covered by the Act. See, e.g. Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 333-335 (2nd Cir. 1995).[1]

Under the FHAA, an accommodation is "necessary" to afford "equal opportunity" when plaintiffs have shown that but for the accommodation, they "will be denied an equal opportunity to enjoy the housing of their choice." Smith & Lee Assocs., 102 F.3d at

---

[1] In addition, the FHAA also makes it unlawful to "otherwise make available or deny" a dwelling to any buyer or renter because of handicap, 42 U.S.C.A. § 3604(f)(1). This phrase "encompasses a wide array of housing practices" and indicates that the FHAA proscribes acts by persons "who are neither sellers nor lessors of property." Casa Marie, Inc. v. Superior Court of Puerto Rico, 988 F.2d 252, 257 n.6 (1st Cir. 1993).

7

795.  Here, plaintiffs have demonstrated that, given their disabilities, they would derive great benefit from a parking space in their front yard and the lack thereof has adversely affected their "use or enjoyment" of their home.  See, e.g. Shapiro, 51 F.3d at 335 (recognizing that availability of convenient parking space affected disabled cooperative apartment owner's "use and enjoyment" of dwelling within the meaning of the FHAA).

Given that the plaintiffs are entitled to an accommodation by the city, the next question is whether the city fulfilled its duty to provide an accommodation that was reasonable.  An accommodation is reasonable unless it requires "a fundamental alteration in the nature of a program or imposes undue financial and administrative burdens [on the defendant]."  Smith & Lee Assocs., 102 F.3d at 295 (quotations omitted).  The FHAA's goal of assisting persons with disabilities should be weighed against the costs or burdens of compliance imposed on the local governing body.

The reasonable accommodation requirement of the FHAA clearly can apply to zoning ordinances.  See Casa Marie, Inc. v. Superior Court of Puerto Rico, 988 F.2d 252, 257 n.6 (1st Cir. 1993). "Courts interpreting the reasonable accommodation provision of the [FHAA] have ruled that municipalities . . . must change,

8

waive, or make exceptions in their zoning rules to afford people with disabilities the same opportunity to housing as those who are without disabilities." Hovsons, Inc. v. Township of Brick, 89 F.3d 1096, 1103 (3rd Cir. 1996)(quotations omitted)(requiring that township grant variance in order to accommodate needs of elderly disabled who hoped to live in nursing home in residential zone). See also Smith & Lee Assocs., 102 F.3d at 796 (holding under similar facts that city had to accommodate disabled residents, despite restrictions imposed by neutral zoning code); Moyer v. Lower Oxford Township, 1993 WL 5489, at *2 (E.D.Pa. January 6, 1993).[2]

The plaintiffs here made a reasonable request. They simply wanted permission to build a small parking space near their front entrance. They also gave the city ample opportunity to accommodate them before seeking relief in a judicial forum, cf. Oxford House-A v. City of University City, 87 F.3d 1022, 1024-25

---

[2] The court disagrees with defendant that § 3603(b) of the FHAA, which exempts single family homes, applies to the instant situation. Given the broad remedial objectives of the FHAA, statutory exemptions should be construed narrowly. See City of Edmonds v. Oxford House, Inc., 514 U.S. 725 (1995); Hogar Agua y Vida en el Desierto, Inc. v. Suarez-Medina, 36 F.3d 177, 181 (1st Cir. 1994). The clause quite clearly was intended to protect owners of single family homes from being subject to the requirements of the FHAA, and not, as defendant argues, to protect local governments whose ordinances are applied in a manner that discriminates against persons with disabilities.

9

(8th Cir. 1996)(cautioning that plaintiffs must give a local governing body the chance to accommodate them by adjusting the zoning code before challenging a zoning decision in court). In contrast, the city has responded unreasonably, albeit without malice or bad faith. It has not shown that the requested parking space would have disrupted the character of plaintiffs' neighborhood (certainly no neighbors objected) or that the city would have suffered any financial or other administrative burden if plaintiffs were accommodated. Nor has the city suggested any reasonable alternative accommodation (plaintiffs would gladly have accepted ZBA member McQuaid's reasonable suggestion relative to an "as needed" permit).

The city's attorney argued that the city gave the plaintiffs valid options short of a variance, such as suggesting that the plaintiffs park their car in their side or rear yard and then install either a ramp or elevator (at comparatively great expense). Defendant concedes, however, that a front-yard parking space would shorten the distance the plaintiffs would have to walk. A front-yard parking space also undoubtedly would be the most simple and least expensive option for the plaintiffs. Accordingly, it is plain that, as a matter of law, the city failed to reasonably accommodate the plaintiffs as required by the FHAA. Cf. Jankowski Lee & Assocs. v. Cisneros, 91 F.3d 891,

10

891-96 (7th Cir. 1996)(affirming HUD's determination that under FHAA private apartment complex had to reasonably accommodate disabled tenant by providing parking space as close as possible to main building).[3]

## III. The ADA and Rehabilitation Act Claims

The analysis under the ADA and the Rehabilitation Act is very similar to that under the FHAA. Title II of the ADA prohibits a public entity from discriminating against an individual on the basis of disability or from excluding such an individual from public services, programs, or activities. 42 U.S.C.A. § 12132.[4] Section 504 of the Rehabilitation Act

---

[3] Courts are divided about whether the plaintiff or the defendant bears the burden on the reasonable accommodation issue. Compare Hovsons, Inc., 89 F.3d at 1103 (holding that under FHAA defendant must prove that the plaintiff's proposed accommodation is unreasonable) with Elderhaven, Inc. v. City of Lubbock, 98 F.3d 175, 178 (5th Cir. 1996)(plaintiff bears burden of proof under FHAA and Rehabilitation Act). Even assuming that plaintiffs bear the burden of showing that defendant has not provided a reasonable accommodation, the plaintiffs have satisfied their obligation.

[4] This provision specifically provides:

Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

11

prohibits the same type of discrimination by a recipient of federal funds. 29 U.S.C.A. § 794. The defendant city is both a public entity and a recipient of federal funds and is therefore regulated by both statutes. In addition, the parties agree that plaintiffs are "disabled" and "handicapped" as the terms are defined in the ADA, 42 U.S.C. § 12102, and in the Rehabilitation Act, 29 U.S.C.A. § 706(a), respectively.

The plaintiffs maintain that zoning qualifies as an "activity" of a public entity within the meaning of the ADA and that they were denied the benefits of this activity when the city failed to accommodate their request for a variance. Although "activity" is not explicitly defined in Title II of the ADA, it has been held to include zoning decisions by a city "because making such decisions is a normal function of a governmental entity." See Innovative Health Sys. v. City of White Plains, 117 F.3d 37, 44 (2nd Cir. 1997). But see Robinson v. City of Friendswood, 890 F. Supp. 616, 620 (S.D.Tex. 1995).

The conclusion that Title II of the ADA applies to zoning decisions is also supported by the implementing regulations issued by the Department of Justice and its Technical Assistance Manual. Under the regulations, a city must reasonably modify its policies when "necessary to avoid discrimination on the basis of disability," unless it can show that the modifications "would

12

fundamentally alter the nature of the service, program or activity." 28 C.F.R. § 35.130(b)(7)(1997). The Justice Department provides an example that bears remarkable similarity to the situation presented in this case:

> ILLUSTRATION 1: A municipal zoning ordinance requires a set-back of 12 feet from the curb in the central business district. In order to install a ramp to the front entrance of a pharmacy, the owner must encroach on the set-back by three feet. Granting a variance in the zoning requirement may be a reasonable modification of town policy.

The Americans with Disabilities Act: Title II Technical Assistance Manual § II-3.6100.

Again, for the reasons given above under the FHAA section, defendant not only failed to reasonably accommodate plaintiffs' disability, but it has also failed to show how granting plaintiffs an exception would fundamentally alter or subvert the purposes of its zoning ordinance. Plaintiffs are therefore entitled to summary judgment on their claims under the ADA and Rehabilitation Act.

The court has reviewed defendant's remaining points, but finds them to be unpersuasive. Contrary to defendant's argument, the ADA and Rehabilitation Act claims are not governed by a 30-day limitations period, but by the three year limitations period set forth in New Hampshire's personal injury statute. See Doukas v. Metropolitan Life Ins. Co., 882 F. Supp. 1197, 1199-1201

13

(D.N.H. 1995).  In addition, given that both plaintiffs were injured by the city's conduct and their injury is redressable by the injunction they seek, they both have standing.  See <u>Valley Forge Christian College v. Americans United for Separation of Church & State</u>, 454 U.S. 464, 472 (1982);  <u>Innovative Heath Sys.</u>, 117 F.3d at 47(holding that standing provisions of Rehabilitation Act and Title II of the ADA extend as broadly as permitted by Art. III of the Constitution).

**CONCLUSION**

For the foregoing reasons, the court denies defendant's motion for summary judgment and grants plaintiffs' motion for summary judgment.  The defendant is enjoined from enforcing its zoning code in a manner that in any way restricts or impedes the plaintiffs' ability to pave and maintain a parking space in their front yard.  This injunction shall terminate if and when the plaintiffs move from their present residence.

**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

September 30, 1997

cc:  Lynne J. Zygmont, Esq.
     Thomas I. Arnold, III, Esq.