Durante v. Belknap, NH                    CV-03-333-SM   07/28/04
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF NEW HAMPSHIRE


Count Durante,
        Plaintiff

        v.                                   Civil No. 03-333-SM
                                             Opinion No. 2004 DNH 113
County of Belknap, New Hampshire,
        Defendant


                          **O R D E R**


    Plaintiff, Count Durante, brings this two-count complaint

against Belknap County, seeking damages for injuries he says he

sustained when he fell while trying to enter the Belknap County

Superior Courthouse.  In count one of his complaint, Durante

alleges that the County was negligent insofar as it failed to

provide a safe passageway for the public to enter the courthouse.

In count two, he claims the County failed to make the courthouse

readily accessible and usable by individuals with disabilities,

in violation of Title II of the Americans with Disabilities Act,

42 U.S.C. § 12131, et seq (the "ADA").


    Pursuant to Rule 12(c) of the Federal Rules of Civil

Procedure, the County moves for judgment on the pleadings with

regard to count two of Durante's complaint, asserting that his ADA claim is time barred. The court disagrees and, for the reasons discussed below, the County's motion is denied.

**Discussion**

Durante is visually impaired, and walks with the assistance of a guide dog, Patches. According to the complaint, on August 29, 2000, Durante, guided by Patches, approached the court's designated entrance along a walkway maintained by the County. While proceeding along that walkway, he "hit a low branch on a tree with his nose, face and eyes, and was rendered unconscious." Complaint at 1. Durante says he sustained injuries to his nose and eyes. Approximately two years and 10 months later, Durante filed this suit against the County.

According to the County, Durante's claim is time barred. In support of that position, it asserts that because Title II of the ADA provides no specific limitations period, the court must apply the most analogous state statute of limitations. To that general statement of the applicable law, all can agree. See, e.g., Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). Next, the County

2

asserts that the most analogous state limitations period is not the three-year period provided by N.H. Rev. Stat. Ann. ("RSA") 508:4, but rather the far shorter 180-day period prescribed by New Hampshire's Law Against Discrimination, RSA 354-A:21 III.

The County's argument falls short for at least two reasons. First, this court has previously held that claims brought under the ADA are governed by the three-year limitations period prescribed by RSA 508:4.  See Trovato v. City of Manchester, 992 F. Supp. 493, 499 (D.N.H. 1997) (holding that plaintiff's claims under Title II of the ADA are governed by "the three year limitations period set forth in New Hampshire's personal injury statute."); Doukas v. Metropolitan Life Ins. Co., 882 F. Supp. 1197, 1200 (D.N.H. 1995) ("The court finds that a claim for discrimination brought under the ADA is best characterized as a claim for personal injury.  Accordingly, the most 'appropriate' or 'analogous' statute of limitations is [the three-year period prescribed by RSA 508:4] that applies to personal injury actions.") (citations omitted).

Second, even if the court were to accept the County's argument and apply the limitations period prescribed by New Hampshire's Law Against Discrimination, the outcome would be no different. Effective June 16, 2000, the New Hampshire legislature established a three-year limitations period for all civil suits alleging violations of the Law Against Discrimination (provided the plaintiff has complied with the administrative filing requirement established by that statute). See RSA 354-A:21-a ("Any party alleging to be aggrieved by any practice made unlawful under this chapter may, . . . not later than 3 years after the alleged unlawful practice occurred, bring a civil action for damages.") (emphasis supplied). See generally Munroe v. Compaq Computer Corp., 229 F. Supp. 2d 52, 66-67 (D.N.H. 2002) (Muirhead, M.J.) (discussing the recent amendments to RSA 354-A which, among other things, create a private right of action for plaintiffs asserting violations of that statute and establish a three-year limitations period).

The 180-day limitations period the County seeks to have the court "borrow" in this case applies exclusively to administrative complaints filed with the state commission on human rights. See

4

RSA 354-A:21. It does not apply to civil suits alleging violations of the Law Against Discrimination. As noted above, RSA 354-A:21-a provides that such suits are governed by a three-year limitations period.

## Conclusion

After sustaining injuries from his fall at the Belknap County Superior Courthouse, Durante had three years within which to file suit against the County under the ADA. He did so. Accordingly, the County's motion for partial judgment on the pleadings (document no. 9) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 28, 2004

cc:  Philip A. Brouillard, Esq.
     Debra W. Ford, Esq.